UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                        :

UNITED STATES OF AMERICA             :

                                          :

            -v-                  :              19-CR-752 (JMF)

                                          :

CHRISTOPHER ANSAH,              :              <u>ORDER</u>

                                          :

                      Defendant.         :

                                          :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Attached to this Order are the following:

- Court Exhibit 1: the juror questionnaire that was used in *voir dire* on October 4, 2021;

- Court Exhibit 2: the draft jury charge that was considered at the charge conference held on the record on October 7, 2021;

- Court Exhibit 3: the final jury charge that was delivered to the jury on the record on October 8, 2021;

- Court Exhibit 4: the jury note received on October 8, 2021; and

- Court Exhibit 5: the jury's verdict.


      SO ORDERED.

Dated: October 8, 2021
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

**COURT EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                        :

UNITED STATES OF AMERICA,           :

                                    :

         -v-                     :           S1 19 Cr. 752 (JMF)

                                    :

CHRISTOPHER ANSAH,              :            <u>VOIR DIRE</u>

                                    :

                    Defendant.     :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:


## <u>PLEASE DO NOT READ FURTHER OR WRITE ANYTHING ON</u>

## <u>THIS QUESTIONNAIRE UNTIL THE JUDGE TELLS YOU TO DO SO</u>

When directed to do so, please indicate if your answer to any of the following questions is "**yes**" by circling the number of that question.  If your answer to a question is "**no**," you should not do anything.  Do *not* write your name or make *any other* marks on the questionnaire; the only marks you should make are circles around the questions for which the answer is "yes."  If, when asked about a "yes" answer, you prefer not to elaborate in open court, please say so.

A.   <u>General Questions</u>

1.   As I noted, this trial is expected to last up to two weeks.  Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end by Friday, October 15, 2021?

2.   Do you have any difficulty understanding or reading English?

3.   Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

4.   Do you have any doubt that you will be able to apply the law as I explain it even if you disagree with it?

5.   Do you believe that — for reasons that have nothing to do with the law or the evidence — you might be reluctant to render a verdict of guilty?

6.   Do you believe that — for reasons that have nothing to do with the law or the evidence — you might be reluctant to render a verdict of <u>not</u> guilty?

7.   In our criminal justice system, the defendant is presumed to be innocent, not only at the outset of the trial, but throughout the entire trial — unless and until the Government proves his guilt beyond a reasonable doubt.  Would you have any trouble following my instructions on these points?

2

8.    Because the burden rests with the Government at all times, the defendant has no obligation to offer evidence or to testify in his own defense.  If the defendant chooses not to testify, as is his absolute right, would you have any trouble following my instruction that you may not consider that fact in any way in your deliberations in the jury room?

9.    Do you believe that our system of criminal justice improperly favors or disfavors criminals or persons charged with crimes?

10.    Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person?

11.    Have you, or has any close friend or relative, ever studied or practiced law or worked in any capacity for a law office?

12.    Have you, or has any close friend or relative, ever worked for any law enforcement agency, such as the New York City Police Department, the Department of Corrections, the Federal Bureau of Investigation (also known as the "FBI"), the Drug Enforcement Administration (also known as the "DEA"), the Bureau of Alcohol, Tobacco, Firearms and Explosives (also known as the "ATF"), the United States Marshals Service, the District Attorney, the United States Attorney, the Department of Justice, Probation or Parole, the Bureau of Prisons, or any other such agency?

13.    Do you know or do you have an association with any member of the staff of the United States Attorney's Office for the Southern District of New York?

14.    Do you have any bias or prejudice for or against the United States Attorney's Office or any other law enforcement agency?

15.     Have you, or has any member of your family, either as an individual or in the course of business, ever been party to any legal action or dispute with the United States or any of the offices, departments, agencies, or employees of the United States, or had any interest in any such legal action or dispute or its outcome?

16.     Do you, or do any of your relatives or close friends, work for a criminal defense attorney or private investigator?

17.     Do you have any bias or prejudice for or against criminal defense attorneys?

18.     Do you have any expectations about the type or types of evidence that the Government should or will present in criminal trials?

B.      Case-Specific Questions

19.     Do you have any personal knowledge of the charges in the Indictment as I have described them?

20.     Have you read or heard anything about this case through the media, the internet, or through any other source?

21.     The government witnesses in this case may include law enforcement officers.  Do you have any personal views or experiences with law enforcement agencies or officers that would in any way affect your ability to be fair and impartial in this case?

22.     You might hear evidence in this trial of criminal activity committed by people other than Mr. Ansah.  Those other people are not on trial here.  You may not draw any inference, favorable or unfavorable, toward the government or Mr. Ansah from that fact.  Nor may you speculate as to the reason why other people are not on trial.  Would you have any trouble following my instructions on these points?

23.     Some of the evidence in this trial may have been obtained through searches and seizures by law enforcement officers.  Do you have any feelings or opinions about the use of evidence obtained in law enforcement searches and seizures that could make it difficult for you to evaluate the evidence fairly and impartially?

24.     The defendant is a naturalized U.S. citizen who is originally from Ghana.  Is there anything about his national origin or citizenship status that would make it difficult for you to be a fair and impartial juror in this case?

25.     Do you have any reason to believe that anything in your life experience will make you partial to one side or the other in this case?

26.     Have you or anyone close to you had their car or other motor vehicle stolen?

27.     Do you work in the motor vehicle industry?

28.     Do you work in, or have particular knowledge of, the international shipping industry (including, for example, container ships, international ports, import-export businesses)?

29.     Do you think that you could not sit fairly and impartially as a juror in a case involving charges like those in this case — that is, involving alleged car theft, international shipping, or false statements in government forms?

30.     As I described earlier, the Court is taking precautions to prevent the spread of COVID-19, including requiring everyone in the courtroom to sit at least six feet apart and to wear masks.  Do you have any concerns about your ability to follow these rules, as I have described them?

31.     Is there anything about COVID-19, or the safety protocols that we will use during the trial, that would affect your ability to be a fair and impartial juror in this case?

B.      Knowledge of Parties, Lawyers, and Witnesses

32.     The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York — who is Audrey Strauss.  The conduct of this trial will be in the immediate charge of Assistant United States Attorneys Ashley Nicolas, Matt Shahabian, and Alexandra Rothman, who will be assisted at trial by Erika Gottlieb.  Do you know, or have you had any dealings with, any of them?

33.     The Government will also be assisted in this case by Steven Thau, a Detective with the Waterfront Commission of New York Harbor.  Do you know, or have you had any dealings with, Detective Thau or the Waterfront Commission?

34.     Mr. Ansah is represented by the Federal Defenders of New York.  The conduct of this trial will be in the immediate charge of Federal Defenders Zawadi Baharanyi and Jennifer Willis, who will be assisted at trial by Larissa Archondo and Nidia Espaillat.  Do you know, or have you had any dealings with, any of them?

35.     To your knowledge, do you have any relatives, friends, associates, or employers who have had any dealings with the United States Attorney's Office for the Southern District of New York, the Federal Public Defenders of New York, or Mr. Ansah?

36.     Have you or any relatives, friends, associates, or employers had dealings with any member of the Waterfront Commission of New York Harbor, the Port Authority of New York and New Jersey, the Department of Homeland Security, Homeland Security Investigations, or Customs and Border Protection that would affect your ability to be fair and impartial in this case?

6

37.     Have you or any relatives, friends, associates, or employers had any dealings with the New York City Police Department, the New Jersey State Police Department, or any other law enforcement agency that would affect your ability to be fair and impartial in this case?

38.     Do you know or have you heard of any of the following people who may testify or whose names may be mentioned during the course of the trial?

        a.      Hamidu Abdul-Latif
        b.      Det. Domingo Cabreja
        c.      Catherine Devine
        d.      Daniel Gbenga
        e.      Diana Geremia
        f.      Abdou Guene
        g.      Khalifa Guene
        h.      Claudia Hernandez
        i.      Daniel Madden
        j.      Noelia Martinez
        k.      Iddris Ibrahim
        l.      Robert Jones
        m.      Det. Thomas Kemble
        n.      Officer Jesus Montesino
        o.      Officer Dean Panzarino
        p.      John Piarulli
        q.      Paul Polombo
        r.      Det. Cory Rodriguez
        s.      Det. Moises Rosario
        t.      Morou Sani
        u.      Dr. Diane Schwartz
        v.      Ouro Yondou Souleimane
        w.      Youssif Sounou
        x.      Jennifer Toth
        y.      Lt. Robert Wallace

39.     Are you familiar with anyone else present in the courtroom, including your fellow jurors, all Court personnel, and myself?

40.     The following is a list of entities that may be mentioned during the course of the trial:

a.     Advantage Car Rentals
b.     AG Trucking
c.     Avis Budget Group
d.     Car Rentals Inc.
e.     Chrimech Ventures
f.     Enterprise Holdings, including Enterprise Rent-a-Car, National Car Rental, and Alamo Rent a Car
g.     Guidepoint Systems
h.     Hertz Corporation
i.     Idas Auto Procurement and Export
j.     Lansar Shipping
k.     M&G Worldwide Logistics Services
l.     Millennium Auto & Truck Salvage
m.     MTC Transportation
n.     Sprint Cargo and Koil Inc. d/b/a V-Ship

Do you have a familiarity with any of these entities that would interfere with your ability to be fair and impartial in this case and to decide the case based only on the evidence presented in court?

41.     Some of the evidence in this case may concern activity that took place at or near the following locations:

a.     Port Newark in Newark, New Jersey
b.     314 Faile Street, Bronx, New York
c.     500 Oak Point Avenue, Bronx, New York
d.     Viele Avenue, Bronx, New York

Do you have a familiarity with any of these locations that would interfere with your ability to be fair and impartial in this case and to decide the case based only on the evidence presented in court?

8

C.     Experience with, and Opinions of, Lawsuits

42.     Have you or has any member of your immediate family ever brought a lawsuit against anyone?

43.     Have you or has any member of your immediate family ever been sued?

44.     Have you or has any member of your immediate family ever appeared as a witness at a trial?

45.     Have you, or has any of your close friends or relatives, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?

46.     Have you, or has any of your close friends or relatives, ever been questioned in any matter by a federal, state, or local law enforcement agency?

47.     Have you ever been a witness or a victim in any federal or state prosecution?

48.     Have you, or has any of your close friends or relatives, ever been the victim of a crime (other than one you have mentioned in connection with a previous question)?

49.     Have you, or has any of your close friends or relatives, ever been employed by or volunteered with any victim assistance organization or neighborhood watch group?

50.     Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

51.     Have you, or has any of your relatives, associates, or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

52.     Have you, or has any member of your immediate family, ever been a defendant in a criminal case or been incarcerated?

D.      Difficulties in Understanding or Serving

53.     Do you have a problem with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

54.     Do you have any medical problems or do you take any medication that might interfere with your service as a juror in this case?

55.     If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

56.     The question of punishment is for me alone to decide and the possible punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty.  Would you have any trouble following that instruction if you were selected to serve as a juror?

57.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to be fair and impartial in this case.  Apart from any prior question I have asked you, is there *any* reason that you could *not* be a conscientious, fair, and impartial juror in this case and render a true and just verdict without fear, favor, sympathy, or prejudice, according to the law as I will explain it to you?

## QUESTIONS FOR INDIVIDUAL JURORS

1.      Please state your name and every county of residence in which you have lived during the past five years.

2.      How old are you?

3.      How far did you go in school?

4.      What do you do?  (If retired or unemployed, describe your last employment.)

5.      How long have you been employed in your current position?  If fewer than five years, where else did you work in the last five years?

6.      Have you or has any member of your family ever been employed by the city, state, or federal government?

7.      Have you or has any member of your family ever served in the military?

8.      Are there other members of your household and, if so, for whom do they work?

9.      Do you have grown children?  For whom do they work?

10.     What newspapers and magazines do you read on a regular basis?

11.     What websites or news apps do you visit or read on a regular basis?

12.     What television shows do you watch on a regular basis?

13.     Do you belong to or volunteer your time to any associations, organizations, clubs, or unions?

14.     What do you like to do in your spare time?

15.     Name one person (living or dead) outside of your family whom you admire and briefly explain why.

16.     Have you ever served as a juror?  If so, when did you serve and were you on a grand jury or a regular jury?  If a regular jury, was it a civil or criminal case?  Did you reach a verdict?  (**Do not tell us what the verdict was**.)

11

**COURT EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :              S1 19 Cr. 752 (JMF)
            -v-                                             :
                                                            :
CHRISTOPHER ANSAH,                                          :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------------X


**JURY CHARGE**


October 7, 2021

# Table of Contents

I. GENERAL INTRODUCTORY CHARGES ........................................................................ 1

1     Role of the Court and the Jury .......................................................................... 2

2     The Parties ......................................................................................................... 2

3     Conduct of Counsel ........................................................................................... 3

4     Presumption of Innocence ................................................................................. 3

5     Proof Beyond a Reasonable Doubt .................................................................... 4

6     Direct and Circumstantial Evidence ................................................................. 4

7     What Is and What Is Not Evidence ................................................................... 6

8     Credibility of Witnesses .................................................................................... 7

9     Law Enforcement Witnesses ............................................................................. 8

10     Confidential Sources ......................................................................................... 8

11     Preparation of Witnesses .................................................................................. 9

12     Uncalled Witnesses ........................................................................................... 9

13     Number of Witnesses and Uncontradicted Testimony .................................... 10

14     Stipulations ...................................................................................................... 11

15     Limited Purpose Evidence ............................................................................... 11

16     Similar Acts Evidence ..................................................................................... 11

17     Charts and Summaries ..................................................................................... 12

18     Particular Investigative Techniques ................................................................ 12

19     Persons Not on Trial ........................................................................................ 13

20     Searches and Seizures ...................................................................................... 13

21     The Defendant's Testimony ............................................................................. 14

II. SUBSTANTIVE CHARGES ................................................................................................. 14

1    The Indictment .......................................................................................................... 14

2    Count One: Conspiracy to Export, Transport, or Possess Stolen Motor Vehicles ................... 15

3        Count One: Elements ............................................................................................... 16

4        Count One — First Element: Existence of the Conspiracy ................................... 17

5        Count One — Second Element: Membership in the Conspiracy ........................ 19

6        Count One — Third Element: Commission of Overt Act ................................... 21

7    Count Two: Exportation of a Stolen Motor Vehicle ............................................... 22

8        Count Two — First Element: Stolen Motor Vehicle ........................................... 23

9        Count Two — Second Element: Export or Attempted Export ............................ 23

10       Count Two — Third Element: Knowledge that the Vehicle Was Stolen at the Time of

11       Export or Attempted Export ..................................................................................... 24

12       Count Two — Inference of Knowledge Raised by Possession ............................ 25

13       Count Two — Attempt ............................................................................................ 26

14   Count Three: Transportation of a Stolen Motor Vehicle ....................................... 27

15       Count Three — First Element: Stolen Motor Vehicle ......................................... 28

16       Count Three — Second Element: Transportation in Interstate or Foreign Commerce ........ 28

17       Count Three — Third Element: Knowledge that the Vehicle Was Stolen at the Time of

18       Transport .................................................................................................................. 29

19   Count Four: Possession of a Stolen Motor Vehicle ................................................ 29

20       Count Four — First Element: Stolen Motor Vehicle .......................................... 30

21       Count Four — Second Element: Receipt, Possession, Concealment, Storage, Barter, Sale, or

22       Disposal .................................................................................................................... 30

Count Four — Third Element: Crossing a State Line or United States Boundary ............... 31

Count Four — Fourth Element: Knowledge that the Vehicle Was Stolen .......................... 32

Count Five: Willfully Causing the Submission of False or Misleading Export Information.... 32

Count Five — First Element: Willfully Causing the Submission of False or Misleading

Information Through the AES .......................................................................... 33

Count Five — Second Element: Materiality ........................................................ 34

Count Five — Third Element: Knowledge .......................................................... 34

Aiding and Abetting ................................................................................... 35

Conscious Avoidance .................................................................................. 36

Venue .................................................................................................... 38

Timing of the Offenses ............................................................................... 39

III. CONCLUDING INSTRUCTIONS ................................................................ 39

COVID-19 Protocols ................................................................................. 39

Selection of the Foreperson ......................................................................... 40

Right to See Exhibits and Hear Testimony ...................................................... 40

Juror Note-Taking ................................................................................... 41

Bias or Sympathy as Juror .......................................................................... 41

Duty to Deliberate ................................................................................... 43

Return of the Verdict ................................................................................ 43

Closing Comments ................................................................................... 44

1       ## I. GENERAL INTRODUCTORY CHARGES

2       Members of the jury, you have now heard all of the evidence in the case.  It is my duty at this

3  point to instruct you as to the law.  My instructions to you will be in three parts.

4       First, I will give you general instructions — for example, about your role as the jury, what you

5  can and cannot consider in your deliberations, and the burden of proof.

6       Second, I will describe the law that you must apply to the facts as you find them to be established

7  by the evidence.

8       Finally, I will give you some instructions for your deliberations.

9       I am going to read my instructions to you.  It is not my favorite way to communicate — and not

10  the most scintillating thing to listen to — but there is a need for precision, and it is important that I get

11  the words just right, and so that is why I will be reading.

12       Because my instructions cover many points, I have given you a copy of my instructions to follow

13  along.  Please limit yourself to following along; that is, do *not* read ahead in the instructions.  If you find

14  it easier to listen and understand while you are following along with me, please do so.  If you would

15  prefer, you can just listen and not follow along.  Either way, you may take your copy of the instructions

16  with you into the jury room so you can consult it if you want to re-read any portion of the charge to

17  facilitate your deliberations.

18       For now, listen carefully and try to concentrate on the substance of what I'm saying.  You should

19  not single out any instruction as alone stating the law; rather, you should consider my instructions as a

20  whole when you retire to deliberate in the jury room.

21

Role of the Court and the Jury

You, the members of the jury, are the sole and exclusive judges of the facts.  You must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  It is your duty to accept my instructions as to the law and to apply them to the facts as you determine them. If either party has stated a legal principle differently from any that I state to you in my instructions, it is my instructions that you must follow.

**Adapted from _Ortiz v. City of New York_, 11 Civ. 7919 (JMF) (S.D.N.Y. 2013).**


The Parties

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States.  The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party.  By the same token, you must give it no less deference.  The Government and the defendant, Christopher Ansah, stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, national origin, religious beliefs, sex, or age.  All persons are entitled to the same presumption of innocence and the Government has the same burden of proof with respect to all persons.

**Adapted from _United States v. McDaniels_, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

1    Conduct of Counsel

2           The personalities and the conduct of counsel are not in any way at issue.  If you formed opinions

3    of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or

4    disapproved of their behavior, those opinions should not enter into your deliberations.

5           In addition, remember that it is the duty of a lawyer to object when the other side offers

6    testimony or other evidence that the lawyer believes is not properly admissible.  Therefore, you should

7    draw no inference from the fact that there was an objection to any evidence.  Nor should you draw any

8    inference from the fact that I sustained or overruled an objection.  Simply because I have permitted

9    certain evidence to be introduced does not mean that I have decided on its importance or significance.

10   That is for you to decide.

11   **Adapted from *United States v. McDaniels*, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

12

13   Presumption of Innocence

14          The defendant has pleaded not guilty to the charges against him.  As a result of that plea of not

15   guilty, the burden is on the Government to prove guilt beyond a reasonable doubt.  This burden never

16   shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal

17   case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

18          Furthermore, the law presumes the defendant to be innocent of the charges against him.  The

19   presumption of innocence was in his favor when the trial began, continued in his favor throughout the

20   entire trial, remains with him even as I speak to you now, and persists in his favor during the course of

21   your deliberations in the jury room.

22   **Adapted from *United States v. Kaufman*, 13 Cr. 411 (JMF) (S.D.N.Y. 2013).**

23

1    Proof Beyond a Reasonable Doubt

2          The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a

3    doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that

4    a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and

5    arising out of the evidence in the case — or the lack of evidence.

6          Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is

7    practically impossible for a person to be absolutely and completely convinced of any disputed fact that,

8    by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to

9    establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

10         If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say

11   that you do have an abiding belief of the defendant's guilt, such a belief as a prudent person would be

12   willing to act upon in important matters in the personal affairs of his or her own life, then you have no

13   reasonable doubt, and in that circumstance it is your duty to convict.  On the other hand, if, after a fair

14   and impartial consideration of all the evidence, you can candidly and honestly say that you are not

15   satisfied with the guilt of the defendant, that you do not have an abiding belief of the defendant's guilt

16   — in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in

17   acting in matters of importance in his or her own affairs — then you have a reasonable doubt, and in that

18   circumstance it is your duty to acquit.

19   **Adapted from *United States v. Kaufman*, 13 Cr. 411 (JMF) (S.D.N.Y. 2013).**

20

21   Direct and Circumstantial Evidence

22         There are two types of evidence that you may properly use in deciding whether the defendant is

23   guilty or not guilty of the crimes with which he is charged.

4

1    One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented

2    when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise

3    observed through the five senses.  The second type of evidence is circumstantial evidence.

4    Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

5    There is a simple example of circumstantial evidence that is often used in this courthouse.

6    Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day

7    outside.  Also assume that the courtroom shades were drawn and you could not look outside.  Assume

8    further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and

9    then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

10    Now, because you could not look outside the courtroom and you could not see whether it was

11    raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have

12    asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

13    That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience,

14    and common sense from one established fact the existence or the nonexistence of some other fact.

15    The matter of drawing inferences from facts in evidence is not a matter of guesswork or

16    speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other

17    facts that have been proved.

18    Many material facts, such as a person's state of mind, are not easily proved by direct evidence.

19    Usually such facts are established by circumstantial evidence and the reasonable inferences you draw.

20    Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction

21    between direct and circumstantial evidence.  The law simply requires that before convicting a defendant,

22    you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in

23    the case.

1   **Adapted from _United States v. McDaniels_, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

2

3   What Is and What Is Not Evidence

4         What, then, is the evidence in the case?

5         The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received

6   into evidence, and (3) any stipulations made by the parties.  Anything else is not evidence.  For example,

7   the questions posed to a witness are not evidence: It is the witnesses' answers that are evidence, not the

8   questions.  In addition, exhibits marked for identification but not admitted by me are not evidence, nor

9   are materials brought forth only to refresh a witness's recollection.  Moreover, testimony that has been

10  stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.

11        Along these lines, we have, among the exhibits received in evidence, some documents that are

12  redacted.  "Redacted" means that part of the document was taken or blacked out.  You are to concern

13  yourself only with the part of the document that has been admitted into evidence.  You should not

14  consider any possible reason why the other part of it has been deleted or blacked out.

15        Arguments by the advocates are also not evidence.  What you heard during the opening

16  statements and summations is merely intended to help you understand the evidence and reach your

17  verdict.  If your recollection of the facts differs from the lawyers' statements, you should rely on your

18  recollection.  If a lawyer made a statement during his or her opening or summation and you find that

19  there is no evidence to support the statement, you should disregard the statement.

20        Finally, any statements that I may have made during the trial or during these instructions do not

21  constitute evidence.  At times, I may have admonished a witness or directed a witness to be responsive

22  to questions or to keep his or her voice up.  At times, I may have asked a question myself.  Any

23  questions that I asked, or instructions that I gave, were intended only to clarify the presentation of

1    evidence and to bring out something that I thought might be unclear.  You should draw no inference or

2    conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by

3    reason of any comment, question, or instruction of mine.  The rulings I have made during the trial and

4    these instructions are no indication of my views of what your decision should be.  Nor should you infer

5    that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how

6    you should decide any issue that is before you.  That is entirely your role.

7    **Adapted from _United States v. McDaniels_, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

8

9    Credibility of Witnesses

10   How do you evaluate the credibility or believability of the witnesses?  The answer is that you use

11   your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the

12   same tests here that you use in your everyday life when evaluating statements made by others to you.

13   You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive

14   was the witness to the questions asked on direct examination and on cross-examination?

15   If you find that a witness intentionally told a falsehood, that is always a matter of importance you

16   should weigh carefully.  On the other hand, a witness may be inaccurate, contradictory, or even

17   untruthful in some respects and entirely believable and truthful in other respects.  It is for you to

18   determine whether such inconsistencies are significant or inconsequential, and whether to accept or

19   reject all of the testimony of any witness, or to accept or reject only portions.

20   You are not required to accept testimony even though the testimony is uncontradicted and the

21   witness's testimony is not challenged.  You may reject it because of the witness's bearing or demeanor,

22   or because of the inherent improbability of the testimony, or for other reasons sufficient for you to

23   conclude that the testimony is not worthy of belief.

7

1    In evaluating the credibility of the witnesses, you should take into account any evidence that a

2    witness may benefit in some way from the outcome of the case.  Such an interest in the outcome creates

3    a motive to testify falsely and may sway a witness to testify in a way that advances his or her own

4    interests.  Therefore, if you find that any witness whose testimony you are considering may have an

5    interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility

6    of his of her testimony, and decide whether to accept it with great care.

7    Keep in mind, though, that it does not automatically follow that testimony given by an interested

8    witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of

9    the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and

10   common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

11   **Adapted from _United States v. McDaniels_, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

12

13   <u>Law Enforcement Witnesses</u>

14   You have heard testimony from law enforcement officers.  The fact that a witness is a law

15   enforcement officer does not mean that the witness's testimony is necessarily deserving of more or less

16   consideration or greater or lesser weight than that of any other witness.  It is your decision, after

17   reviewing all the evidence, whether to accept or reject the testimony of the witness and to give to that

18   testimony whatever weight, if any, you find it deserves.

19   **Adapted from _United States v. McDaniels_, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

20

21   <u>Confidential Sources</u>

22   There has been evidence introduced at trial that the Government used a confidential source, also

23   known as an informant, in this case.  There is nothing inherently improper in the Government's use of

8

1    confidential sources, and there are certain types of crimes where, without the use of confidential sources,

2    detection would be more difficult.  Whether you approve or disapprove of the Government's use of

3    confidential sources should not enter into your deliberations.

4    **Adapted from *United States v. Dupigny*, 18 Cr. 528 (JMF); *United States v. Cabrera*, 18 Cr. 92**

5    **(KPF) (S.D.N.Y. 2019); Sand, *Modern Federal Jury Instructions-Criminal*, Instr. 7-14; Gov't**

6    **Request 34.**

7

8    <u>Preparation of Witnesses</u>

9           You have heard evidence during the trial that witnesses have discussed the facts of the case and

10   their testimony with the lawyers before the witnesses appeared in court.  Although you may consider

11   that fact when you are evaluating a witness's credibility, it is common for a witness to meet with

12   lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned

13   about, focus on the subjects, and have the opportunity to review relevant exhibits before being

14   questioned about them.  In fact, it would be unusual for a lawyer to call a witness without such

15   consultation.  As always, the weight you give to the fact or the nature of the witness's preparation for his

16   or her testimony and what inferences you draw from such preparation are matters completely within

17   your discretion.

18   **Adapted from *United States v. McDaniels*, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

19

20   <u>Uncalled Witnesses</u>

21           There are people whose names you have heard during the course of the trial but who did not

22   appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to

23   call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

1    to what they would have testified to had they been called.  Their absence should not affect your

2    judgment in any way.

3         You should, however, remember my instruction that the law does not impose on a defendant in a

4    criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof

5    remains at all times with the Government.

6    **Adapted from Sand, _Modern Federal Jury Instructions-Criminal_, Instr. 6-7.**

7

8    <u>Number of Witnesses and Uncontradicted Testimony</u>

9         The fact that one party called more witnesses does not mean that you should necessarily find the

10    facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the

11    testimony of any witness who has not been contradicted or impeached, if you find the witness to be not

12    credible.  You must decide which witnesses to believe and determine which facts are true.  To do this,

13    you must look at all the evidence or lack of evidence, drawing upon your own common sense and

14    personal experience.  After examining all the evidence, you may decide that the party calling the most

15    witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the

16    fewer witnesses called by the other side.  Again, you should also keep in mind that the burden of proof is

17    always on the Government.  The defendant is not required to call any witnesses or offer any evidence,

18    since he is presumed to be innocent.  On the other hand, the Government is not required to prove each

19    element of the offense by any particular number of witnesses.  The testimony of a single witness may be

20    enough to convince you beyond a reasonable doubt of the existence of the elements of the charged

21    offenses — if you believe that the witness has truthfully and accurately related what he or she has told

22    you.

23    **Adapted from Sand, _Modern Federal Jury Instructions-Criminal_, Instr. 4-3**

1

2    Stipulations

3        Stipulations were entered into relating to various facts in this case.  A stipulation is an agreement

4    between parties as to what certain facts were or what the testimony would be if certain people testified

5    before you.  The stipulations are the same for your purposes as the presentation of live testimony.  You

6    should consider the weight to be given such evidence just as you would any other evidence.

7    **Adapted from *United States v. McDaniels*, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

8

9    Limited Purpose Evidence

10       If certain testimony or evidence was received for a limited purpose, you must follow the limiting

11   instructions I have given.

12

13   Similar Acts Evidence

14       The Government has offered evidence tending to show that, on a prior occasion, the defendant

15   engaged in conduct similar to the charges in the Indictment.  You are reminded that the defendant is not

16   on trial for that conduct, which is not alleged in the Indictment.  Accordingly, you may not consider

17   evidence of similar conduct as a substitute for proof that the defendant committed the crime charged.

18   Nor may you consider such evidence as proof that the defendant has a criminal personality or bad

19   character.  The evidence of the other, similar conduct was admitted for a much more limited purpose and

20   you may consider it only for that limited purpose.

21       If you determine that the defendant committed the acts charged in the Indictment and the similar

22   conduct as well, then you may, but need not, draw an inference that in committing the acts charged in

1   the Indictment, the defendant acted knowingly and intentionally and not because of some mistake,

2   accident, or other innocent reason.

3        You may not consider evidence of similar conduct for any other purpose.  Specifically, you may

4   not use such evidence to conclude that, because the defendant committed another act, he must also have

5   committed the acts charged in the Indictment.

6   **Adapted from Sand, *Modern Federal Jury Instructions-Criminal*, Instr. 5-25.**

7

8   Charts and Summaries

9        The parties have both presented exhibits in the form of charts and summaries.  These charts and

10  summaries were admitted in order to make the other evidence more meaningful and to aid you in

11  considering the evidence.  They are no better than the testimony or the documents upon which they are

12  based.  Therefore, you are to give no greater consideration to these charts or summaries than you would

13  give to the evidence upon which they are based.  It is for you to decide whether the charts or summaries

14  correctly present the information contained in the testimony and in the exhibits on which they were

15  based.

16  **Adapted from Sand., *Modern Federal Jury Instructions-Criminal*, Instr. 5-13; *see* Fed. R. Evid.**

17  **1006.**

18

19  Particular Investigative Techniques

20       You have heard reference to certain investigative techniques that were used or not used by the

21  Government in this case.  There is no legal requirement that the Government prove its case through any

22  particular means.  While you are to carefully consider the evidence adduced by the Government, you are

1   not to speculate as to why the Government used the techniques it did, or why it did not use other

2   techniques.

3   **Adapted from _United States v. Kaufman_, 13 Cr. 411 (JMF) (S.D.N.Y. 2013).**

4

5   <u>Persons Not on Trial</u>

6        You may not draw any inference, favorable or unfavorable, toward the Government or the

7   defendant from the fact that any person was not named as a defendant in this case, and you may not

8   speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly

9   outside your concern and have no bearing on your function as jurors in deciding the case before you.

10   **Adapted from _United States v. Almonte_, 16 Cr. 670 (KMW) (S.D.N.Y. 2017).**

11

12   <u>Searches and Seizures</u>

13        You have heard testimony about evidence seized in various searches.  Evidence obtained from

14   those searches was properly admitted in this case, and may be properly considered by you.  Indeed, such

15   searches are entirely appropriate law enforcement actions.  Whether you approve or disapprove of how

16   the evidence was obtained should not enter into your deliberations, because I instruct you that the

17   Government's use of the evidence is lawful.  You must, therefore, regardless of your personal opinions,

18   give this evidence full consideration along with all the other evidence in the case in determining whether

19   the Government has proved the Defendant's guilt beyond a reasonable doubt.  Once again, however, it is

20   for you to decide what weight, if any, to give to this evidence.

21   **Adapted from _United States v. Sepulveda_, 18 Cr. 363 (RJS) (S.D.N.Y. 2019).**

22

1    The Defendant's Testimony

2         The defendant did not testify.  Under our Constitution, a defendant is presumed innocent and has

3    no obligation to testify or to present any other evidence because, as I have told you, it is the

4    Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains on

5    the Government throughout the entire trial and never shifts to the defendant.  A defendant is never

6    required to prove that he is innocent.

7         You may not attach any significance to the fact that the defendant did not testify.  No adverse

8    inference against the defendant may be drawn by you because the defendant did not take the witness

9    stand.  You may not consider this in any way in your deliberations in the jury room.

10   **Adapted from _United States v. Kaufman_, 13 Cr. 411 (JMF).**

11

12                              II. SUBSTANTIVE CHARGES

13   The Indictment

14        The defendant is formally charged in an Indictment.  As I instructed you at the outset of this

15   case, the Indictment is a charge or accusation.  It is not evidence.  The Indictment contains five charges,

16   or "counts," against Christopher Ansah.  Each count accuses the defendant of committing a different

17   crime.  You must, as a matter of law, consider each count, and you must return a separate verdict for

18   each count in which the defendant is charged.  Your verdict on one count should not control your

19   decision as to any other count.

20        Count One charges the defendant with participating in a conspiracy to (1) export stolen motor

21   vehicles; (2) transport stolen motor vehicles in interstate or foreign commerce; and (3) receive, possess,

22   conceal, store, barter, sell, or dispose of stolen motor vehicles which had crossed a state line or United

23   States boundary after being stolen.

24        Count Two charges the defendant with exporting stolen motor vehicles.

                                          14

1    Count Three charges the defendant with transporting stolen motor vehicles in interstate or

2    foreign commerce.

3    Count Four charges the defendant with receiving, possessing, concealing, storing, bartering,

4    selling, or disposing of stolen motor vehicles which had crossed a state line or United States boundary

5    after being stolen.

6    Finally, Count Five charges the defendant with submitting false or misleading export

7    information.

8    I will explain each count in turn.  I remind you that you must consider each count separately and

9    return a separate verdict on each count.

10

11   Count One: Conspiracy to Export, Transport, or Possess Stolen Motor Vehicles

12   Count One charges the defendant with participating in a conspiracy to export, transport, or

13   possess stolen motor vehicles.

14   A conspiracy is a kind of criminal partnership — an agreement of two or more persons to join

15   together to accomplish some unlawful purpose.

16   The crime of conspiracy, or agreement, to violate a federal law, as charged in this Indictment, is

17   an independent offense.  It is separate and distinct from the actual violation of any specific federal laws

18   — what the law refers to as "substantive crimes."  Indeed, you may find the defendant guilty of the

19   crime of conspiracy to export, transport, or possess stolen motor vehicles (in other words, agreeing to

20   export, transport, or possess stolen motor vehicles) even if you find that the substantive crime that was

21   the object of the conspiracy (the export, transport, or possession of stolen cars) was never actually

22   committed — in other words, even if the conspiracy was not successful.  Congress has deemed it

23   appropriate to make conspiracy, standing alone, a separate crime, because collective criminal activity

15

1    poses a greater threat to the public's safety and welfare than individual conduct, and increases the

2    likelihood of success of a particular criminal venture.

3    **Adapted from *United States v. Kaufman*, 13 Cr. 411 (JMF); *United States v. Jones*, 04 Cr. 340**

4    **(GEL).**

5

6        Count One: Elements

7        In order to sustain its burden of proof with respect to Count One, the Government must prove

8    beyond a reasonable doubt the following three elements:

9        *First*, that two or more persons entered into the unlawful agreement charged in the Indictment;

10        *Second*, that the defendant knowingly and willfully became a member of that conspiracy or

11    agreement; and

12        *Third*, that one of the members of the conspiracy — it does not have to be the defendant —

13    knowingly committed at least one overt act for the purpose of furthering some object of the conspiracy.

14        Now let me elaborate on each of these three elements.

15    **Adapted from *United States v. Kaufman*, 13 Cr. 411 (JMF); *United States v. Jones*, 04 Cr. 340**

16    **(GEL); Sand, *Modern Federal Jury Instructions-Criminal*, Instr. 19-3; *see also, e.g., United States v.***

17    ***Snype*, 441 F.3d 119, 142 (2d Cir. 2006) (listing "knowing and willful joinder" as an element of**

18    **Section 371 conspiracy); *United States v. Svoboda*, 347 F.3d 471, 476 (2d Cir. 2003) (same).  *But see***

19    ***United States v. Allen*, 788 F.3d 61, 70 (2d Cir. 2015) ("Where a substantive offense embodies only**

20    **a requirement of mens rea as to each of its elements, the general federal conspiracy statute**

21    **requires no more." (cleaned up) (quoting *United States v. Feola*, 420 U.S. 671, 692 (1975))); *United***

22    ***States v. Kozeny*, 667 F.3d 122, 136 (2d Cir. 2011) (similar).**

23

1   <u>Count One — First Element: Existence of the Conspiracy</u>

2   Starting with the first element, what is a conspiracy?  As I mentioned just a few minutes ago, a

3 conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint

4 action a criminal or unlawful purpose.

5   Now, to show a conspiracy, the Government is not required to show that two or more people sat

6 around a table and entered into a solemn pact, orally or in writing, stating that they had formed a

7 conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people

8 agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a

9 conspiracy can be proved by direct evidence of an explicit agreement.

10   In order to show that a conspiracy existed, the evidence must show that two or more persons, in

11 some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to

12 accomplish an unlawful plan.

13   In determining whether there was an unlawful agreement as alleged in the Indictment, you may

14 consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal

15 purpose.  The old saying, "actions speak louder than words," applies here.  Often, the only evidence that

16 is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the

17 alleged individual co-conspirators.  When taken all together and considered as a whole, however, that

18 conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof,

19 such as evidence of an express agreement.  It is sufficient to establish the existence of a conspiracy if,

20 from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the

21 minds of at least two alleged co-conspirators met in an understanding way, to accomplish the objectives

22 of the conspiracy.

1    The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve.  There

2    are three objects or goals of the conspiracy charged in Count One, which correspond to the substantive

3    (or non-conspiracy) offenses charged in Counts Two, Three, and Four.  The first object was to export

4    stolen motor vehicles.  The second object was to transport stolen motor vehicles in interstate or foreign

5    commerce.  And the third object was to receive, possess, conceal, sell, barter, or dispose of motor

6    vehicles that had crossed a state line or United States boundary after being stolen.  I will explain the

7    elements of those substantive offenses to you when I instruct you with respect to Counts Two, Three,

8    and Four.

9    To find that a conspiracy existed, you need not conclude that the conspirators agreed to

10   accomplish all three of the objectives alleged in the Indictment.  It is sufficient if the Government proves

11   that there was a conspiracy with any one of the objectives.  But in order to find that the conspiracy

12   existed, you must agree unanimously on which objective the Government has proved beyond a

13   reasonable doubt.

14   The Indictment charges that the conspiracy existed from in or about May 2018 through in or

15   about December 2018.  It is not essential that the Government prove the specific dates on which the

16   conspiracy started and ended.  It is enough if you find that in fact a conspiracy was formed and existed

17   for some time within the period set forth in the Indictment and that at least one overt act was committed

18   to further the conspiracy within that period.

19   **Adapted from *United States v. Kaufman*, 13 Cr. 411 (JMF); *United States v. Jones*, 04 Cr. 340**

20   **(GEL).**

21

1    <u>Count One — Second Element: Membership in the Conspiracy</u>

2    If you conclude that the Government has proved beyond a reasonable doubt that the conspiracy

3    charged in the Indictment existed, then you must turn to the second question: whether the defendant

4    willfully participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its

5    unlawful objective.

6    The Government must prove beyond a reasonable doubt that the defendant knowingly and

7    willfully entered into the conspiracy with a criminal intent — that is, with a purpose to do what the law

8    forbids — and that the defendant agreed to take part in the conspiracy to promote and cooperate in its

9    unlawful objective.

10    In this regard, remember that the crime with which the defendant is charged is conspiracy to

11    export, transport, or possess stolen motor vehicles.  You are therefore instructed that the defendant may

12    only be convicted if you find beyond a reasonable doubt that he agreed to join at least one co-conspirator

13    in a conspiracy to export, transport, or possess stolen motor vehicles.  It is not sufficient to convict the

14    defendant if you find that he believed that the conspiracy involved a goal other than the exportation,

15    transportation, or possession of stolen motor vehicles.

16    What do the terms "knowingly," "willfully," and "unlawful" mean?  "Knowingly" means to act

17    voluntarily and deliberately, rather than mistakenly or inadvertently.  "Willfully" means to act

18    knowingly and purposely, with an intent to do something the law forbids — that is to say, with a bad

19    purpose either to disobey or disregard the law, although the Government need not prove that the

20    defendant knew that he was breaking any particular law or rule. "Unlawful" simply means contrary to

21    law.  Again, the defendant need not have known that he was breaking any particular law, but he must

22    have been aware of the generally unlawful nature of his acts.

1    Now, science has not yet devised a manner of looking into a person's mind and knowing what

2    that person is thinking.  But you have before you the evidence of certain acts, conversations, and

3    statements alleged to involve the defendant and others.  The ultimate facts of knowledge and criminal

4    intent may be established by words and conduct, and all the surrounding circumstances, as well as the

5    rational or logical inferences that may be drawn from the words and conduct.  It is for you to determine

6    whether the Government has established beyond a reasonable doubt such knowledge and intent on the

7    part of the defendant.

8        It is not necessary for the Government to show that the defendant was fully informed as to all the

9    details of the conspiracy in order for you to infer knowledge on his part.  To have guilty knowledge, a

10   defendant need not know the full extent of the conspiracy, or all of the activities of all of its participants.

11   It is not necessary for a defendant to know every other member of the conspiracy.  In fact, the defendant

12   may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary for

13   a defendant to receive any monetary benefit from his participation in the conspiracy, or have a financial

14   stake in the outcome.  It is enough if he participated in the conspiracy knowingly, willfully, and with an

15   unlawful objective, as I have defined those terms.

16       The duration and extent of a defendant's participation have no bearing on the issue of the

17   defendant's guilt.  He need not have joined the conspiracy at the outset.  He may have joined it at any

18   time in its progress, and he will still be held responsible for full membership in the conspiracy.  Each

19   member of a conspiracy may perform separate and distinct acts.  Some conspirators play major roles,

20   while others play minor roles in the scheme.  An equal role is not what the law requires.  In fact, even a

21   single act may be sufficient to draw a defendant within the scope of the conspiracy.

22       I want to caution you, however, that a person's mere association with a member of a conspiracy

23   does not make that person a member of the conspiracy, even when that association is coupled with

1   knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with

2   knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words,

3   knowledge or acquiescence, without agreement and participation, is not sufficient.  What is necessary is

4   that the defendant have participated in the conspiracy with knowledge of its unlawful purposes, and with

5   an intent to aid in the accomplishment of its unlawful objectives.

6        In sum, to find the defendant guilty of Count One, the Government must prove beyond a

7   reasonable doubt that, with an understanding of the unlawful nature of the conspiracy, he willfully

8   engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking — in

9   this case, the exportation, transportation, or possession of stolen motor vehicles.  The defendant thereby

10  becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

11  **Adapted from _United States v. Kaufman_, 13 Cr. 411 (JMF); _United States v. Jones_, 04 Cr. 340**

12  **(GEL); _United States v. Mi Sun Cho_, 10 Cr. 878 (KMW).**

13

14        Count One — Third Element: Commission of Overt Act

15        If you find that the Government has proved the first two elements of Count One beyond a

16  reasonable doubt — the existence of the conspiracy and the defendant's membership in that conspiracy

17  — then you must determine whether an overt act was committed in furtherance of the conspiracy by at

18  least one of the co-conspirators, although not necessarily the defendant himself.

19        An overt act is any act that is done to further an object of the conspiracy.  An overt act may be a

20  criminal act or the crime that is the object of the conspiracy, but it need not be.  It may even be a

21  seemingly innocent act so long as it is a step in carrying out the conspiratorial scheme.

22        In simple language, the overt act element is a requirement that the agreement went beyond the

23  mere talking stage, the mere agreement stage.  The requirement of an overt act is a requirement that

1    some action be taken during the life of the conspiracy by one of the co-conspirators to further the

2    conspiracy.

3          In order for the Government to satisfy the overt act requirement, it is not necessary for the

4    Government to prove the overt act alleged in the Indictment.  That is, you might find that overt acts were

5    committed that were not alleged at all in the Indictment.  It is sufficient for the Government to show that

6    the defendant, or one of his alleged co-conspirators, knowingly committed any overt act in furtherance

7    of the conspiracy during the life of the conspiracy.

8          You need not reach unanimous agreement on whether any particular overt act was committed in

9    furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed.

10   **Adapted from *United States v. Kaufman*, 13 Cr. 411 (JMF); *United States v. Jones*, 04 Cr. 340**

11   **(GEL); *United States v. Kozeny*, 667 F.3d 122, 131-32 (2d Cir. 2011).**

12

13   Count Two: Exportation of a Stolen Motor Vehicle

14         Count Two charges the defendant with the substantive (that is, non-conspiracy) crime of

15   exporting or attempting to export stolen motor vehicles.  In order to meet its burden of proof on Count

16   Two of the Indictment, the Government must prove beyond a reasonable doubt the following three

17   elements:

18        *First*, that the vehicle at issue was stolen;

19        *Second*, that the defendant exported or attempted to export the vehicle at issue; and

20        *Third*, that at the time of the exportation or attempted exportation, the defendant knew the

21   vehicle at issue was stolen.

22   **Adapted from *United States v. Boakye*, 00 Cr. 695 (DC) (S.D.N.Y. 2001); Sand, *Modern Federal***

23   ***Jury Instructions-Criminal*, Instr. 54-3.**

1

2      <u>Count Two — First Element: Stolen Motor Vehicle</u>

3      The first element the Government must prove beyond a reasonable doubt with respect to Count

4    Two is that the vehicle or vehicles referred to in the Indictment were "stolen."

5      A "vehicle" includes an automobile.

6      The word "stolen" means any form of taking that deprives the owners of the use of the vehicle

7    without the owner's consent.  The vehicle does not have to be taken by force or physical violence.  It

8    does not have to be taken permanently.

9      It is not necessary that you know, or are able to determine, who it may have been who stole the

10    vehicle.  While you must decide, beyond a reasonable doubt, that the particular vehicle was stolen, you

11    do not have to determine who stole it or that the defendant knew who stole it.

12    **Adapted from Sand, *Modern Federal Jury Instructions-Criminal*, Instr. 54-4.**

13

14      <u>Count Two — Second Element: Export or Attempted Export</u>

15      The second element that the Government must prove beyond a reasonable doubt with respect to

16    Count Two is that the vehicle at issue was exported or that export was attempted.  To "export" means to

17    send or carry from the United States to another country.

18      If you find that a person shipped or caused to be shipped a vehicle from the United States to

19    another country, or attempted to ship or cause to be shipped a vehicle from the United States to another

20    country, then you may find that the vehicle was exported, or that export was attempted.

21      The defendant need not have intended or known of the vehicle's export or attempted export to

22    another country.  You do not have to decide whether the defendant actually physically shipped or

23    attempted to ship the vehicle to another country.  The Government satisfies its burden of proving

1   exportation or attempted exportation if it proves beyond a reasonable doubt that the defendant caused

2   the vehicle's export from the United States to another country, or performed a substantial step in

3   furtherance of its export to another country.

4   **Adapted from _United States v. Boakye_, 00 Cr. 695 (DC) (S.D.N.Y. 2001); Sand, _Modern Federal_**

5   **_Jury Instructions-Criminal_, Instr. 54-6.**

6

7       Count Two — Third Element: Knowledge that the Vehicle Was Stolen at the Time of Export or

8       Attempted Export

9       The final element that the Government must prove beyond a reasonable doubt with respect to

10   Count Two is that the defendant knew the vehicle at issue was stolen at the time it was exported or

11   attempted to be exported from the United States to another country.  In deciding whether the defendant

12   knew the vehicle was stolen at the time it was exported, you must focus on his actual knowledge at that

13   time.

14       Your decision whether the defendant acted knowingly at the time the stolen vehicle was exported

15   involves a decision about the defendant's state of mind at the time the exportation was carried out or

16   attempted.  It is obviously impossible to ascertain or prove directly what the operation of the defendant's

17   mind was. You cannot look into a person's mind to see what his state of mind is or was.  But a wise and

18   intelligent consideration of all the facts and circumstances shown by the evidence will enable you to

19   infer with a reasonable degree of accuracy the extent of the defendant's knowledge.

20       In our everyday affairs, we are continuously called upon to decide from the actions of others

21   what their state of mind is.  Experience has taught us that, frequently, actions speak louder, more clearly,

22   than words.  Therefore, you may well rely in part on circumstantial evidence in determining the extent

23   of the defendant's knowledge.

1    **Adapted from Sand, *Modern Federal Jury Instructions-Criminal*, Instr. 54-7.**

2

3         <u>Count Two — Inference of Knowledge Raised by Possession</u>

4         Your decision whether the defendant knew that a vehicle at issue was stolen at the time of its

5    actual or attempted exportation may be based, at least in part, on circumstantial evidence.  You may rely

6    on your own experiences and examine the situation and the actions of the people involved to help you

7    determine the defendant's state of mind.

8         You have heard testimony and received evidence that the defendant was in possession of a

9    recently stolen vehicle.  You may — but need not — find from the defendant's possession of a recently

10   stolen vehicle that he knew it was stolen at the time its exportation was carried out or attempted.

11        In determining whether a vehicle was "recently" stolen, you should give the word "recently" its

12   ordinary, everyday meaning.  The fact that the vehicle was recently stolen is a factor for you to consider

13   in examining the circumstances surrounding the defendant's possession of the vehicle, and deciding

14   what conclusions, if any, you wish to draw from that possession.

15        Possession may be satisfactorily explained through other circumstances or other evidence

16   independent of any testimony by the defendant.  You may, of course, consider any explanation the

17   defendant has offered to explain his possession of the vehicle.  It is for you to determine the

18   reasonableness of the defendant's explanation.  Keep in mind, however, that the defendant is not

19   required to offer any explanation at all.  While the absence of a satisfactory explanation for the

20   possession of a recently stolen vehicle allows — but does not require — you to find that the defendant

21   knew the vehicle was stolen, you cannot find the defendant guilty unless the government proves beyond

22   a reasonable doubt that the defendant knew the vehicle was stolen at the time of its actual or attempted

23   exportation.

25

1  **Adapted from Sand, _Modern Federal Jury Instructions-Criminal_, Instr. 54-8; Gov't Request 14; _see_**

2  **_also United States v. Samaria_, 239 F.3d 228, 239 (2d Cir. 2001) ("The**

3  **unexplained possession of recently stolen property may permit an inference that**

4  **the possessor knew that the property was stolen."), _abrogated on other grounds by United States v._**

5  **_Huezo_, 546 F.3d 174 (2d Cir. 2008); _United States v. Brawer_, 482 F.2d 117, 129 (2d Cir. 1973) ("The**

6  **court's charge on the inference to be drawn from possession of recently stolen property is a**

7  **standard instruction."); _United States v. Hart_, 407 F.2d 1087, 1091 (2d Cir. 1969) ("The trial**

8  **judge's instruction that participation in the theft may be inferred from**

9  **the possession of recently stolen goods is a correct statement of the law." (citing cases)).**

10

11  Count Two — Attempt

12  As I mentioned already, the Government can carry its burden of proof with respect to Count Two

13  by showing either the defendant exported stolen motor vehicles _or_ that the defendant _attempted_ to export

14  stolen motor vehicles.  To prove the charge of attempting to export stolen motor vehicles, the

15  Government must prove the following two elements beyond a reasonable doubt:

16  _First_, that the defendant intended to commit the crime of exporting stolen motor vehicles; and

17  _Second_, that the defendant did some act that was a substantial step in an effort to bring about or

18  accomplish the crime.

19  Mere intention to commit a specific crime does not amount to an attempt.  In order to convict the

20  defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit

21  the crime charged and that he took some action which was a substantial step toward the commission of

22  that crime.

26

1        In determining whether the defendant's actions amounted to a substantial step toward the

2   commission of the crime, it is necessary to distinguish between mere preparation, on the one hand, and

3   the actual doing of the criminal deed, on the other.  Mere preparation, which may consist of planning the

4   offense, or of devising, obtaining, or arranging a means for its commission, is not an attempt, although

5   some preparations may amount to an attempt.  The acts of a person who intends to commit a crime will

6   constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the

7   acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

8   **Adapted from Sand, _Modern Federal Jury Instructions-Criminal_, Instr. 10-1.**

9

10  Count Three: Transportation of a Stolen Motor Vehicle

11       Count Three charges the defendant with transporting stolen motor vehicles in interstate or

12  foreign commerce.  In order to meet its burden of proof on Count Three of the Indictment, the

13  Government must prove beyond a reasonable doubt the following three elements:

14       _First_, that the vehicle at issue was stolen;

15       _Second_, that the defendant transported the vehicle at issue in interstate or foreign commerce, or

16  caused it to be transported; and

17       _Third_, that at the time of the interstate or foreign transportation, the defendant knew the vehicle

18  at issue was stolen.

19  **Adapted from _United States v. Morales_, 08 Cr. 1195 (S.D.N.Y. 2008); Sand, _Modern Federal Jury_**

20  **_Instructions-Criminal_, Instr. 54-3.**

21

1   <u>Count Three — First Element: Stolen Motor Vehicle</u>

2     The first element the Government must prove beyond a reasonable doubt is that the vehicle or

3   vehicles referred to in the Indictment were "stolen."  I have already explained what a "vehicle" is and

4   what it means for a vehicle to be "stolen."  These definitions apply here as well.

5   **Adapted from *United States v. Morales*, 08 Cr. 1195 (S.D.N.Y. 2008).**

6

7   <u>Count Three — Second Element: Transportation in Interstate or Foreign Commerce</u>

8     The second element that the Government must prove beyond a reasonable doubt with respect to

9   Count Three is that the vehicle at issue was transported in interstate or foreign commerce.  That is, you

10  must determine whether the vehicle crossed between one state and another or between the United States

11  and a foreign country.

12    If you find that a person shipped or caused to be shipped a vehicle across state lines or from the

13  United States to another country, then you may find that the vehicle was transported in interstate or

14  foreign commerce.  Further, if you find that a vehicle was stolen in one state and was found in the

15  defendant's possession in another state, then you may — but need not — find that the vehicle traveled in

16  interstate commerce.

17    The defendant need not have intended or known of the vehicle's transportation in interstate or

18  foreign commerce.  You do not have to decide whether the defendant actually physically drove the

19  vehicle to across state lines or into another country.  The Government satisfies its burden of proving

20  transportation if it proves beyond a reasonable doubt that the defendant caused the vehicle's

21  transportation from one state to another or from the United States to another country, or performed a

22  substantial step in furtherance of its interstate or foreign journey.

1    **Adapted from _United States v. Morales_, 08 Cr. 1195 (S.D.N.Y. 2008); Sand, _Modern Federal Jury_**

2    **_Instructions-Criminal_, Instr. 54-6.**

3

4    <u>Count Three — Third Element: Knowledge that the Vehicle Was Stolen at the Time of Transport</u>

5         The final element that the Government must prove beyond a reasonable doubt with respect to

6    Count Three is that the defendant knew the vehicle at issue was stolen at the time it was transported

7    from one state to another or from the United States to another country.  In deciding whether the

8    defendant knew the vehicle was stolen at the time it was so transported, you must focus on his actual

9    knowledge at that time.  My earlier instructions about knowledge, including the inference of knowledge

10    that may be drawn from possession, are applicable here.

11    **Adapted from _United States v. Morales_, 08 Cr. 1195 (S.D.N.Y. 2008).**

12

13    <u>Count Four: Possession of a Stolen Motor Vehicle</u>

14         Count Four charges the defendant with the possession of stolen motor vehicles.  In order to meet

15    its burden of proof on Count Four of the Indictment, the Government must prove beyond a reasonable

16    doubt the following four elements:

17         *First*, that the vehicle at issue was stolen;

18         *Second*, that the defendant received, possessed, concealed, stored, bartered, sold, or disposed of

19    the vehicle at issue;

20         *Third*, that the vehicle at issue crossed a state line or United States boundary; and

21         *Fourth*, that at the time defendant received, possessed, concealed, stored, bartered, sold, or

22    disposed of the vehicle, the defendant knew the vehicle at issue had been stolen.

23    **Adapted from Sand, _Modern Federal Jury Instructions-Criminal_, Instr. 54-11.**

1

2      Count Four — First Element: Stolen Motor Vehicle

3          The first element the Government must prove beyond a reasonable doubt with respect to Count

4   Four is that the vehicle or vehicles referred to in the Indictment were "stolen."  I have already explained

5   what a "vehicle" is and what it means for a vehicle to be "stolen."  These definitions apply here as well.

6   **Adapted from _United States v. Morales_, 08 Cr. 1195 (S.D.N.Y. 2008).**

7

8      Count Four — Second Element: Receipt, Possession, Concealment, Storage, Barter, Sale, or

9      Disposal

10         The second element that the Government must prove beyond a reasonable doubt with respect to

11   Count Four is that the defendant received, possessed, concealed, stored, bartered, sold, or disposed of

12   the vehicle at issue.

13         In considering whether the defendant received, possessed, concealed, stored, bartered, sold, or

14   disposed of the vehicle, you should give those words their common and ordinary meaning, and

15   understand them as being used in their everyday sense.  The Government does not have to show that the

16   defendant gained any personal benefit, or that the vehicle was sold or disposed of for a profit.  For

17   example, a defendant may have "received" a vehicle simply by physically taking possession of the

18   vehicle, or exerting control over it.  A defendant may have "disposed" of the vehicle by abandoning it.

19         Whether the defendant received, possessed, stored, bartered, sold, or disposed of the vehicle is a

20   question for you to determine from the surrounding facts and circumstances.

21         As I have just instructed you, you must determine whether the defendant received, possessed,

22   concealed, stored, bartered, sold, _or_ disposed of the vehicle.  It is not necessary for the Government to

23   prove that the defendant performed _all_ of those actions with respect to the vehicle.  The Government

30

1   satisfies its burden with respect to this element if it proves beyond a reasonable doubt that the defendant

2   engaged in *any* of these actions with respect to the vehicle.

3        However, I emphasize that you may not find the defendant guilty unless you agree, unanimously,

4   that one particular action, or type of action, was taken.  That is, you must all agree that the defendant

5   received *or* possessed *or* concealed *or* stored *or* bartered *or* sold *or* disposed of the vehicle.  It is not

6   enough, for example, if some of you find only that the defendant concealed or stored the vehicle, and the

7   rest of you find only that the defendant sold the vehicle.  You must all believe that the defendant

8   performed at least one specific action, or type of action, with respect to the vehicle in order to find the

9   defendant guilty.

10   **Adapted from *United States v. Dambelly*, 16 Cr. 002 (JMF); Sand, *Modern Federal Jury***

11   ***Instructions-Criminal*, Instr. 54-3.**

12

13        Count Four — Third Element: Crossing a State Line or United States Boundary

14        The third element the Government must prove beyond a reasonable doubt with respect to Count

15   Four is that the vehicle at issue crossed a state line or United States boundary after being stolen.  A

16   United States boundary is a boundary between the United States and another country.

17        The defendant need not have intended or known of the vehicle's movement across a state line or

18   United States boundary.  Nor is it necessary that the defendant actually, physically drove the vehicle

19   across a state line or United States boundary.  The Government satisfies its burden of proving movement

20   in interstate or foreign commerce if it proves beyond a reasonable doubt that the vehicle crossed a state

21   line or United States boundary.

22   **Adapted from *United States v. Dambelly*, 16 Cr. 002 (JMF); Sand, *Modern Federal Jury***

23   ***Instructions-Criminal*, Instr. 54-17.**

31

1

2      Count Four — Fourth Element: Knowledge that the Vehicle Was Stolen

3            The final element that the Government must prove beyond a reasonable doubt with respect to

4      Count Four is that the defendant knew the vehicle at issue was stolen at the time the defendant received,

5      possessed, concealed, stored, bartered, sold, or disposed of it.  In deciding whether the defendant knew

6      the vehicle was stolen then, you must focus on his actual knowledge at that time.  Again, my earlier

7      instructions about knowledge, including the inference of knowledge that may be drawn from possession,

8      are applicable here.

9      **Adapted from *United States v. Morales*, 08 Cr. 1195 (S.D.N.Y. 2008); Sand, *Modern Federal Jury***

10     ***Instructions-Criminal*, Instr. 54-18.**

11

12     Count Five: Willfully Causing the Submission of False or Misleading Export Information

13           Count Five of the Indictment charges the defendant with willfully causing another person to

14     submit false or misleading export information through the Automated Export System (or "AES" for

15     short).  To sustain its burden of proof with respect to Count Five, the Government must prove beyond a

16     reasonable doubt the following three elements:

17           *First*, that the defendant willfully caused someone to submit false or misleading information

18     through the AES;

19           *Second*, that the false or misleading information was material; and

20           *Third*, that the defendant knew the information was false or misleading at the time of its

21     submission.

22     **Adapted from Sand, *Modern Federal Jury Instructions-Criminal*, Instr. 36-15.**

23

1      <u>Count Five — First Element: Willfully Causing the Submission of False or Misleading</u>

2      <u>Information Through the AES</u>

3      To satisfy the first element of Count Five, the Government must prove beyond a reasonable

4  doubt that the defendant willfully caused someone to submit false or misleading information through the

5  AES. The Automated Export System provides an electronic method for filing the Electronic Export

6  Information required by law for export control purposes. You have seen copies of the Electronic Export

7  Information that was filed through the Automated Export System. Information is false if it is untrue.

8  Information is misleading if it misrepresents the facts or if it intentionally conceals a material fact and

9  thereby creates a false impression by such information.

10     With respect to Count Five, it is not necessary for the Government to show that the defendant

11  himself physically submitted the information at issue or that he supervised or participated in its

12  submission. This is because a person who willfully causes a crime to be committed is just as guilty of

13  that offense as if he committed it himself.

14     The meaning of the term "willfully caused" can be found in the answers to the following

15  questions:

16     Did the defendant know that the information submitted through the Automated Export System

17  was materially false or misleading?

18     Did the defendant intentionally cause another person to submit that information?

19     If you are persuaded beyond a reasonable doubt that the answer to both of these questions is

20  "yes," and that the Government has proved the other elements of the offense — which I'm about to

21  discuss — beyond a reasonable doubt, then the defendant is guilty of the crime charged just as if he

22  himself had actually committed it.

1    **Adapted from Government Request No. 25; Sand, *Modern Federal Jury Instructions-Criminal*,**

2    **Instrs. 11-3, 36-4.**

3

4         Count Five — Second Element: Materiality

5         The second element that the Government must prove beyond a reasonable doubt with respect to

6    Count Five is that the false or misleading information was material.

7         Information is material if it is capable of influencing an agency's decisions or activities.

8    However, it is not necessary for the Government to prove that an agency actually relied on the

9    statement.

10   **Adapted from Sand, *Modern Federal Jury Instructions-Criminal*, Instr. 36-24.**

11

12        Count Five — Third Element: Knowledge

13        The final element that the Government must prove beyond a reasonable doubt with respect to

14   Count Five is that the defendant knowingly and willfully caused the submission of false and misleading

15   information — that is, that the defendant knew the information was false or misleading at the time of

16   submission.

17        As discussed, an act is done "knowingly" when it is done purposefully and voluntarily, as

18   opposed to mistakenly.  An act is done "willfully" if it is done with an intention to do something the law

19   forbids, that is, with a purpose to disobey the law.

20   **Adapted from Sand, *Modern Federal Jury Instructions-Criminal*, Instr. 36-26.**

21

<u>Aiding and Abetting</u>

The defendant also is charged with aiding and abetting the commission of the substantive crimes charged in Counts Two through Five. The defendant therefore can be convicted of those crimes *either* if he committed the crime himself *or* if another person committed the crime and the defendant aided and abetted that person to commit the crime.

In other words, it is not necessary for the Government to show that the defendant himself physically committed the crime charged in Counts Two through Five or supervised or participated in the actual criminal conduct in order for you to find him guilty. This is because a person who aids, abets, counsels, commands, induces, or procures the commission of a crime is just as guilty of that offense as if he committed it himself.

Accordingly, you may find the defendant guilty of the offenses charged in Counts Two through Five if you find beyond a reasonable doubt that the Government has proved that another person actually committed the offense with which the defendant is charged, and that the defendant aided, abetted, counseled, commanded, induced, or procured that person to commit the crime.

To aid or abet another to commit a crime, it is necessary that the Government prove beyond a reasonable doubt that a defendant willfully and knowingly associated himself in some way with the crime committed by the other person and willfully and knowingly sought by some act to help the crime succeed. In other words, an aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

Let me caution you that the mere presence of the defendant where a crime is being committed, even when coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime, is not sufficient to make the defendant guilty under this approach of aiding and abetting. Such a defendant would be guilty under this approach of

1   aiding and abetting only if, in addition to knowing of the criminal activity, he actually took actions

2   intended to help it succeed.

3        To determine whether the defendant aided or abetted the commission of the crime with which he

4   is charged, ask yourself these questions:

5        1.      Did he participate in the crime charged as something he wished to bring about?

6        2.      Did he knowingly associate himself with the criminal venture?

7        3.      Did he seek by his actions to make the criminal venture succeed?

8            If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.

9   If, on the other hand, your answer to any of these questions is "no," then the defendant is not an aider

10  and abettor, and you must find him not guilty under that theory.

11  **Adapted from Sand, _Modern Federal Jury Instructions-Criminal_, Instr. 11-21.**

12

13  <u>Conscious Avoidance</u>

14        All of the charges that I have described require the Government to prove, among other things,

15  that the defendant acted knowingly, as I have already defined that term.

16        In determining whether the defendant acted knowingly, you may consider whether the defendant

17  deliberately closed his eyes to what would otherwise have been obvious to him.  If you find beyond a

18  reasonable doubt that the defendant acted with a conscious purpose to avoid learning the truth, then you

19  may find that he acted knowingly.  Guilty knowledge may not be established, however, by

20  demonstrating that the defendant was merely negligent, foolish, or mistaken.

21        Keep in mind that, in considering the conspiracy charged in Count One, you cannot rely on

22  conscious avoidance to support a finding that the defendant intentionally joined the conspiracy.

23  Conscious avoidance may apply only to the defendant's knowledge of specific facts, including the

specific objectives of the conspiracy, not to whether the defendant joined the conspiracy in the first place.  It is logically impossible for the defendant to intend and agree to join a conspiracy if he does not actually know that it exists.

If you find that the defendant was aware of a high probability of a fact and that the defendant acted with deliberate disregard of that fact, you may find that the defendant acted knowingly.  However, if you find that the defendant actually believed that the fact was not so, you may not find that he acted knowingly.

It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

**Adapted from _Modern Federal Jury Instructions_, Instruction 3A-2; _United States v. Kaufman_, 13 Cr. 411 (JMF); _see also, e.g._, _United States v. Dambelly_, 714 F. App'x 87, 88 (2d Cir. 2018) (summary order) ("A conscious-avoidance instruction may be given even when the defendant has taken no active measures to avoid learning of criminal activity."); _United States v. Shelton_, No. 05-4342-CR, 2006 WL 3406840, at \*1 (2d Cir. Nov. 22, 2006) ("There are two ways the government may establish a factual predicate for [a conscious avoidance] charge: either there must be evidence that the defendant was aware of a high probability of the disputed fact and  deliberately avoided confirming that fact, or there must be evidence that the defendant's involvement in the offense is so overwhelmingly suspicious that the defendant's failure to question the suspicious circumstances establishes the defendant's purposeful contrivance to avoid guilty knowledge.  Where this test is met, even when the government attempts to prove actual knowledge, an instruction on conscious avoidance can still be appropriate." (cleaned up)); _United States v. Reyes_, 302 F.3d 48, 54 (2d Cir. 2002) (reversing the district court's judgment of acquittal where the evidence supported a finding that the defendant "thought the [goods in question] were stolen, but deliberately avoided**

1  **confirming that fact," thereby "engag[ing] in conscious avoidance");** *United States v. Davis*, **41 F.**

2  **App'x 493, 496 (2d Cir. 2002) (summary order) (approving of the use of a conscious avoidance**

3  **instruction in light of indicia that the goods in question were stolen);** *United States v. Joyce*, **542**

4  **F.2d 158, 161 (2d Cir. 1976) (same).**

5

6  Venue

7        In addition to all of the elements that I have described for you, in order to convict the defendant

8  of each count in the Indictment, you must also decide whether any act in furtherance of the count

9  occurred within the Southern District of New York.  I instruct you that the Southern District of New

10  York includes Manhattan and the Bronx.

11        The Government need not prove that the entirety of the charged crime was committed in the

12  Southern District of New York or that the defendant was present here.  It is sufficient to satisfy the

13  venue requirement if any act in furtherance of the crime charged occurred within the Southern District of

14  New York, and it was reasonably foreseeable to the defendant that the act would take place in the

15  Southern District of New York.  In the case of Count One, the conspiracy charge, the Government has

16  satisfied its venue obligations if you conclude that either the unlawful agreement or an overt act took

17  place in this District.  An overt act is an act performed to effect or bring about the object of a conspiracy.

18  An overt act need not be criminal in nature, but it must be done in furtherance of the object of the

19  conspiracy.

20        I should note that on this issue — and this issue alone — the Government need not prove venue

21  beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government

22  has satisfied its venue obligations as to a count if you conclude that it is more likely than not that any act

23  in furtherance of the crime charged in that count occurred in the Southern District of New York and that

1     it was reasonably foreseeable to the defendant that the act would take place in the Southern District of

2     New York.  By contrast, if you find that the Government failed to prove venue by a preponderance of

3     the evidence with regard to any count, then you must acquit the defendant of that count.

4     **Adapted from _United States v. Kaufman_, 13 Cr. 411 (JMF) (S.D.N.Y. 2013); Sand, _Model Federal_**

5     **_Jury Instructions-Criminal_, Instr. 1.18A; _see United States v. Kirk Tang Yuk_, 885 F.3d 57, 67 (2d**

6     **Cir. 2018); _United States v. Davis_, 689 F.3d 179, 186 (2d Cir. 2012); _United States v. Gross_, No. 15-**

7     **CR-769 (AJN), 2017 WL 4685111, at \*36 (S.D.N.Y. Oct. 18, 2017).**

8

9     Timing of the Offenses

10    With respect to the dates set forth in the Indictment, it is sufficient if you find that the charged

11    conduct that you are considering occurred around the dates set forth in the Indictment.

12    This is also a good opportunity to instruct you that it does not matter if a specific event or

13    transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact

14    it occurred on another date.  The law requires only a substantial similarity between the dates alleged in

15    the Indictment and the dates established by the testimony and other evidence.

16    **Adapted from _United States v. Almonte_, 16 Cr. 670 (KMW) (S.D.N.Y. 2017).**

17

18                                  III. CONCLUDING INSTRUCTIONS

19    COVID-19 Protocols

20    In a few minutes, you are going to go into the jury room and begin your deliberations.  During

21    your deliberations, please continue to adhere to the safety protocols that we have used throughout the

22    trial, including social distancing and masking.  We have taken those precautions, on the advice of our

23    medical experts, to ensure that everyone remains safe and healthy during trials.  In addition, people have

1  different levels of anxiety and risk tolerance when it comes to COVID-19.  By adhering to the protocols,

2  you not only ensure that everyone remains safe and healthy, but also respect the fact that your fellow

3  jurors may or may not have the same level of comfort with the current situation that you have.

4

5  Selection of the Foreperson

6        After you retire to begin your deliberations, your first task will be to select a foreperson.  The

7  foreperson has no greater voice or authority than any other juror but is the person who will communicate

8  with me when questions arise and when you have reached a verdict and who will be asked in open court

9  to pass your completed Verdict Form to me.  Notes should be signed by the foreperson and should

10  include the date and time they were sent.  They should also be as clear and precise as possible.  Any

11  notes from the jury will become part of the record in this case.  So please be as clear and specific as you

12  can be in any notes that you send.  Do not tell me or anyone else how the jury stands on any issue until

13  after a unanimous verdict is reached.

14  **Adapted from _United States v. McDaniels_, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

15

16  Right to See Exhibits and Hear Testimony

17        All of the exhibits will be given to you near the start of deliberations.  Most of it will be provided

18  to you on a laptop.  When you retire to deliberate, the Court staff with provide you with information on

19  how to use the laptop to display evidence in the jury room.

20        If you prefer to view any evidence here in the courtroom or if you want any of the testimony read

21  back to you, you may also request that.  Keep in mind that if you ask for testimony, however, the court

22  reporter must search through her notes, the parties must agree on what portions of testimony may be

23  called for, and if they disagree I must resolve those disagreements.  That can be a time-consuming

1   process.  So please try to be as specific as you possibly can in requesting portions of the testimony, if

2   you do.

3          Again, your requests for testimony — in fact, any communication with the Court — should be

4   made to me in writing, signed by your foreperson with the date and time, and given to one of the Court

5   Security Officers.

6   **Adapted from _United States v. McDaniels_, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

7

8   Juror Note-Taking

9          If any one of you took notes during the course of the trial, you should not show your notes to, or

10  discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be

11  used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no

12  greater weight than those of any other juror.  Finally, your notes are not to substitute for your

13  recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of

14  the testimony, you may — as I just told you — request that the official trial transcript that has been

15  made of these proceedings be read back to you.

16  **Adapted from _U.S. v. McDaniels_, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

17

18  Bias or Sympathy as Juror

19         All of us, no matter how hard we try, tend to look at others and weigh what they have to say

20  through the lens of our own experience and background.  We each have a tendency to stereotype others

21  and make assumptions about them.  Often, we see life and evaluate evidence through a clouded filter

22  that tends to favor those like ourselves.  You must do the best you can to put aside such stereotypes, for

23  all litigants and witnesses are entitled to a level playing field.

1       Indeed, under your oath as jurors, you are not to be swayed by bias or sympathy.  You are to be

2  guided solely by the evidence in this case, and as you sift through the evidence, the crucial question that

3  you must ask yourselves for each count is:  Has the Government proved each element beyond a

4  reasonable doubt?

5       It is for you and you alone to decide whether the Government has proved that the defendant is

6  guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I have

7  instructed you.

8       It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking,

9  there is a risk that you will not arrive at a true and just verdict.

10       If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, then

11  you must render a verdict of acquittal on that particular count.  On the other hand, if you should find that

12  the Government has met its burden of proving the guilt of the defendant beyond a reasonable doubt with

13  respect to a particular count, then you should not hesitate because of sympathy or any other reason to

14  render a verdict of guilty on that count.

15       I also caution you that, under your oath as jurors, you cannot allow to enter into your

16  deliberations any consideration of the punishment that may be imposed upon the defendant if he is

17  convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court,

18  and the issue of punishment may not affect your deliberations as to whether the Government has proved

19  the defendant's guilt beyond a reasonable doubt.

20  **Adapted in part from Judith Olans Brown et al., _Some Thoughts About Social Perception &_**

21  **_Employment Discrimination Law: A Modest Proposal for Reopening the Judicial Dialogue_, 46**

22  **Emory L.J. 1487, 1531 (1997); _see also_ Anna Roberts, _(Re)forming the Jury: Detection and_**

23  **_Disinfection of Implicit Juror Bias_, 44 Conn. L. Rev. 827, 859-60 & n.254 (2012).**

1

2   <u>Duty to Deliberate</u>

3        The most important part of this case, members of the jury, is the part that you as jurors are now

4   about to play as you deliberate on the issues of fact.  I know you will try the issues that have been

5   presented to you according to the oath that you have taken as jurors.  In that oath you promised that you

6   would well and truly try the issues joined in this case and a true verdict render.

7        As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity

8   to express your own views.  Every juror should be heard.  No one juror should hold the center stage in

9   the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your

10   fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not

11   hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your

12   honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are

13   outnumbered.

14        Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that

15   you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at

16   any time during your deliberations.

17   **Adapted from _United States v. McDaniels_, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

18

19   <u>Return of the Verdict</u>

20        We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is

21   attached to these instructions.  Do not write on your individual copies of the Verdict Form.  My staff

22   will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the

23   foreperson has been selected.

1    You should draw no inference from the questions on the Verdict Form as to what your verdict

2    should be.  The questions are not to be taken as any indication that I have any opinion as to how they

3    should be answered.

4    After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date

5    and time, and you should all sign the Verdict Form.  The foreperson should then give a note — **not** the

6    Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a

7    verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the

8    Verdict Form and hand it to me in open court when I ask for it.

9    I will stress again that each of you must be in agreement with the verdict that is announced in

10    court.  Once your verdict is announced by your foreperson in open court and officially recorded, it

11    cannot ordinarily be revoked.

12    **Adapted from _United States v. McDaniels_, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

13

14    Closing Comments

15    Finally, I say this, not because I think it is necessary, but because it is the custom in this

16    courthouse to say it: You should treat each other with courtesy and respect during your deliberations.

17    All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All

18    litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, and

19    to see that justice is done.

20    Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely

21    by the evidence presented during the trial and the law as I gave it to you, without regard to the

22    consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the

23    basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is

1   a risk that you will not arrive at a just verdict.  You must make a fair and impartial decision so that you

2   will arrive at the just verdict.

3        Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to

4   spend a few moments with the lawyers and the court reporter at the side bar.  I will ask you to remain

5   patiently in the jury box, without speaking to each other, and we will return in just a moment to submit

6   the case to you.  Thank you.

7   **Adapted from _United States v. McDaniels_, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :            S1 19 Cr. 752 (JMF)
            -v-                                     :
                                                    :
CHRISTOPHER ANSAH,                                  :            <u>VERDICT FORM</u>
                                                    :
                        Defendant.                  :
                                                    :
------------------------------------------------------------------X

*All Answers Must Be Unanimous*

**<u>Count One</u> - Conspiracy to Export, Transport, or Possess Stolen Motor Vehicles:**

     Guilty _____         Not Guilty _____


**<u>Count Two</u> – Exportation of Stolen Vehicles:**

     Guilty _____         Not Guilty _____


**<u>Count Three</u> – Transportation of Stolen Vehicles:**

     Guilty _____         Not Guilty _____


**<u>Count Four</u> – Possession of Stolen Vehicles:**

     Guilty _____         Not Guilty _____


**<u>Count Five</u> – Submitting False or Misleading Export Information:**

     Guilty _____         Not Guilty _____


*Please Turn to the Next Page*

*After completing the Verdict Form, please sign your names in the spaces provided below, fill in the date and time, and inform the Court Security Officer that you have reached a verdict.*

_____        _____
Foreperson

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

Date and Time:        _____

*Once you have signed the Verdict Form, please give a note — NOT the Verdict Form itself — to the Court Security Officer stating that you have reached a verdict.*

**COURT EXHIBIT 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :          S1 19 Cr. 752 (JMF)
            -v-                                                   :
                                                                  :
CHRISTOPHER ANSAH,                                                :
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X


# **JURY CHARGE**


October 8, 2021

# Table of Contents

I. GENERAL INTRODUCTORY CHARGES ............................................................. 1

    Role of the Court and the Jury ....................................................................... 1

    The Parties ...................................................................................................... 2

    Conduct of Counsel ........................................................................................ 2

    Presumption of Innocence .............................................................................. 3

    Proof Beyond a Reasonable Doubt ................................................................. 3

    Direct and Circumstantial Evidence .............................................................. 4

    What Is and What Is Not Evidence ................................................................ 5

    Credibility of Witnesses ................................................................................ 6

    Law Enforcement Witnesses ......................................................................... 7

    Preparation of Witnesses ............................................................................... 8

    Uncalled Witnesses ....................................................................................... 8

    Number of Witnesses and Uncontradicted Testimony ................................... 9

    Stipulations .................................................................................................... 9

    Limited Purpose Evidence ............................................................................. 10

    Similar Acts Evidence ................................................................................... 10

    Consciousness of Guilt from a False Exculpatory Statement ......................... 10

    Charts and Summaries ................................................................................... 11

    Particular Investigative Techniques ............................................................... 11

    Persons Not on Trial ...................................................................................... 12

    Searches and Seizures .................................................................................... 12

    The Defendant's Testimony ........................................................................... 12

II. SUBSTANTIVE CHARGES ................................................................................................ 13

The Indictment ...................................................................................................................... 13

Count One: Conspiracy to Export, Transport, or Possess Stolen Motor Vehicles ................... 14

Count One: Elements ........................................................................................................ 14

Count One — First Element: Existence of the Conspiracy ................................................. 15

Count One — Second Element: Membership in the Conspiracy .......................................... 17

Count One — Third Element: Commission of Overt Act ..................................................... 19

Count Two: Exportation of a Stolen Motor Vehicle ................................................................. 20

Count Two — First Element: Stolen Motor Vehicle ........................................................... 20

Count Two — Second Element: Export or Attempted Export ............................................. 21

Count Two — Third Element: Knowledge that the Vehicle Was Stolen at the Time of

Export or Attempted Export .............................................................................................. 21

Count Two — Inference of Knowledge Raised by Possession ............................................ 22

Count Two — Attempt ..................................................................................................... 23

Count Three: Transportation of a Stolen Motor Vehicle ......................................................... 24

Count Three — First Element: Stolen Motor Vehicle ........................................................ 24

Count Three — Second Element: Transportation in Interstate or Foreign Commerce ........ 25

Count Three — Third Element: Knowledge that the Vehicle Was Stolen at the Time of

Transport .......................................................................................................................... 25

Count Four: Possession of a Stolen Motor Vehicle ................................................................ 26

Count Four — First Element: Stolen Motor Vehicle .......................................................... 26

Count Four — Second Element: Receipt, Possession, Concealment, Storage, Barter, Sale, or

Disposal ............................................................................................................................ 27

Count Four — Third Element: Crossing a State Line or United States Boundary ............... 28

Count Four — Fourth Element: Knowledge that the Vehicle Was Stolen ........................... 28

Count Five: Willfully Causing the Submission of False or Misleading Export Information .... 28

Count Five — First Element: Willfully Causing the Submission of False or Misleading
Information Through the AES ........................................................................................... 29

Count Five — Second Element: Materiality .................................................................... 30

Count Five — Third Element: Knowledge .................................................................... 30

Aiding and Abetting ............................................................................................................ 31

Conscious Avoidance ......................................................................................................... 32

Venue .................................................................................................................................. 33

Timing of the Offenses ...................................................................................................... 34

III. CONCLUDING INSTRUCTIONS ...................................................................................... 34

COVID-19 Protocols .......................................................................................................... 34

Selection of the Foreperson ............................................................................................... 35

Right to See Exhibits and Hear Testimony ....................................................................... 35

Juror Note-Taking .............................................................................................................. 36

Bias or Sympathy as Juror ................................................................................................. 36

Duty to Deliberate ............................................................................................................. 37

Return of the Verdict ......................................................................................................... 38

Closing Comments ............................................................................................................. 39

I. GENERAL INTRODUCTORY CHARGES

Members of the jury, you have now heard all of the evidence in the case.  It is my duty at this point to instruct you as to the law.  My instructions to you will be in three parts.

First, I will give you general instructions — for example, about your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.

Second, I will describe the law that you must apply to the facts as you find them to be established by the evidence.

Finally, I will give you some instructions for your deliberations.

I am going to read my instructions to you.  It is not my favorite way to communicate — and not the most scintillating thing to listen to — but there is a need for precision, and it is important that I get the words just right, and so that is why I will be reading.

Because my instructions cover many points, I have given you a copy of my instructions to follow along.  Please limit yourself to following along; that is, do *not* read ahead in the instructions.  If you find it easier to listen and understand while you are following along with me, please do so.  If you would prefer, you can just listen and not follow along.  Either way, you may take your copy of the instructions with you into the jury room so you can consult it if you want to re-read any portion of the charge to facilitate your deliberations.

For now, listen carefully and try to concentrate on the substance of what I'm saying.  You should not single out any instruction as alone stating the law; rather, you should consider my instructions as a whole when you retire to deliberate in the jury room.


Role of the Court and the Jury

You, the members of the jury, are the sole and exclusive judges of the facts.  You must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  It is your duty to accept my instructions as to the law and to apply them to the facts as you determine

them.  If either party has stated a legal principle differently from any that I state to you in my instructions, it is my instructions that you must follow.


The Parties

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States.  The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party.  By the same token, you must give it no less deference.  The Government and the defendant, Christopher Ansah, stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, national origin, religious beliefs, sex, or age.  All persons are entitled to the same presumption of innocence and the Government has the same burden of proof with respect to all persons.


Conduct of Counsel

The personalities and the conduct of counsel are not in any way at issue.  If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

In addition, remember that it is the duty of a lawyer to object when the other side offers testimony or other evidence that the lawyer believes is not properly admissible.  Therefore, you should draw no inference from the fact that there was an objection to any evidence.  Nor should you draw any inference from the fact that I sustained or overruled an objection.  Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance. That is for you to decide.

Presumption of Innocence

The defendant has pleaded not guilty to the charges against him.  As a result of that plea of not guilty, the burden is on the Government to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.  Furthermore, the law presumes the defendant to be innocent of the charges against him.  The presumption of innocence was in his favor when the trial began, continued in his favor throughout the entire trial, remains with him even as I speak to you now, and persists in his favor during the course of your deliberations in the jury room.

Proof Beyond a Reasonable Doubt

The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and arising out of the evidence in the case — or the lack of evidence.

Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a prudent person would be willing to act upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and in that circumstance it is your duty to convict.  On the other hand, if, after a fair

and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the defendant's guilt — in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs — then you have a reasonable doubt, and in that circumstance it is your duty to acquit.

Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in deciding whether the defendant is guilty or not guilty of the crimes with which he is charged.

One type of evidence is called direct evidence. Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through the five senses. The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day outside. Also assume that the courtroom shades were drawn and you could not look outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact.

The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proved.

Many material facts, such as a person's state of mind, are not easily proved by direct evidence. Usually such facts are established by circumstantial evidence and the reasonable inferences you draw. Circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence. The law simply requires that before convicting a defendant, you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

What Is and What Is Not Evidence

What, then, is the evidence in the case?

The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received into evidence, and (3) any stipulations made by the parties. Anything else is not evidence. For example, the questions posed to a witness are not evidence: It is the witnesses' answers that are evidence, not the questions. In addition, exhibits marked for identification but not admitted by me are not evidence, nor are materials brought forth only to refresh a witness's recollection. Moreover, testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.

Along these lines, we have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document was taken or blacked out. You are to concern

yourself only with the part of the document that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted or blacked out.

Arguments by the advocates are also not evidence.  What you heard during the opening statements and summations is merely intended to help you understand the evidence and reach your verdict.  If your recollection of the facts differs from the lawyers' statements, you should rely on your recollection.  If a lawyer made a statement during his or her opening or summation and you find that there is no evidence to support the statement, you should disregard the statement.

Finally, any statements that I may have made during the trial or during these instructions do not constitute evidence.  At times, I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up.  At times, I may have asked a question myself.  Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear.  You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine.  The rulings I have made during the trial and these instructions are no indication of my views of what your decision should be.  Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you.  That is entirely your role.

Credibility of Witnesses

How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the same tests here that you use in your everyday life when evaluating statements made by others to you.  You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

If you find that a witness intentionally told a falsehood, that is always a matter of importance you should weigh carefully.  On the other hand, a witness may be inaccurate, contradictory, or even untruthful in some respects and entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all of the testimony of any witness, or to accept or reject only portions.

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged.  You may reject it because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient for you to conclude that the testimony is not worthy of belief.

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such an interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility of his of her testimony, and decide whether to accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

Law Enforcement Witnesses

You have heard testimony from law enforcement officers.  The fact that a witness is a law enforcement officer does not mean that the witness's testimony is necessarily deserving of more or less

consideration or greater or lesser weight than that of any other witness.  It is your decision, after reviewing all the evidence, whether to accept or reject the testimony of the witness and to give to that testimony whatever weight, if any, you find it deserves.

Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  Although you may consider that fact when you are evaluating a witness's credibility, it is common for a witness to meet with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on the subjects, and have the opportunity to review relevant exhibits before being questioned about them.  In fact, it would be unusual for a lawyer to call a witness without such consultation.  As always, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Uncalled Witnesses

There are people whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof remains at all times with the Government.

Number of Witnesses and Uncontradicted Testimony

The fact that one party called more witnesses does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness to be not credible.  You must decide which witnesses to believe and determine which facts are true.  To do this, you must look at all the evidence or lack of evidence, drawing upon your own common sense and personal experience.  After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.  Again, you should also keep in mind that the burden of proof is always on the Government.  The defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.  On the other hand, the Government is not required to prove each element of the offense by any particular number of witnesses.  The testimony of a single witness may be enough to convince you beyond a reasonable doubt of the existence of the elements of the charged offenses — if you believe that the witness has truthfully and accurately related what he or she has told you.

Stipulations

Stipulations were entered into relating to various facts in this case.  A stipulation is an agreement between parties as to what certain facts were or what the testimony would be if certain people testified before you.  The stipulations are the same for your purposes as the presentation of live testimony.  You should consider the weight to be given such evidence just as you would any other evidence.

Limited Purpose Evidence

If certain testimony or evidence was received for a limited purpose, you must follow the limiting instructions I have given.

Similar Acts Evidence

The Government has offered evidence tending to show that, on a prior occasion, the defendant engaged in conduct similar to the charges in the Indictment.  You are reminded that the defendant is not on trial for that conduct, which is not alleged in the Indictment.  Accordingly, you may not consider evidence of similar conduct as a substitute for proof that the defendant committed the crime charged.  Nor may you consider such evidence as proof that the defendant has a criminal personality or bad character.  The evidence of the other, similar conduct was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the Indictment and the similar conduct as well, then you may, but need not, draw an inference that in committing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other innocent reason.

You may not consider evidence of similar conduct for any other purpose.  Specifically, you may not use such evidence to conclude that, because the defendant committed another act, he must also have committed the acts charged in the Indictment.

Consciousness of Guilt from a False Exculpatory Statement

You have heard testimony that the defendant made a statement to law enforcement in which he claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that this statement was false.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may, but are not required to, infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged.

Whether or not the evidence as to a defendant's statement shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Charts and Summaries

The parties have both presented exhibits in the form of charts and summaries. These charts and summaries were admitted in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. It is for you to decide whether the charts or summaries correctly present the information contained in the testimony and in the exhibits on which they were based.

Particular Investigative Techniques

You have heard reference to certain investigative techniques that were used or not used by the Government in this case. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why the Government used the techniques it did, or why it did not use other techniques.

11

Persons Not on Trial

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

Searches and Seizures

You have heard testimony about evidence seized in various searches. Evidence obtained from those searches was properly admitted in this case, and may be properly considered by you. Indeed, such searches are entirely appropriate law enforcement actions. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is lawful. You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt. Once again, however, it is for you to decide what weight, if any, to give to this evidence.

The Defendant's Testimony

The defendant did not testify. Under our Constitution, a defendant is presumed innocent and has no obligation to testify or to present any other evidence because, as I have told you, it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains on the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because the defendant did not take the witness stand.  You may not consider this in any way in your deliberations in the jury room.

## II. SUBSTANTIVE CHARGES

The Indictment

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  The Indictment contains five charges, or "counts," against Christopher Ansah.  Each count accuses the defendant of committing a different crime.  You must, as a matter of law, consider each count, and you must return a separate verdict for each count in which the defendant is charged.  Your verdict on one count should not control your decision as to any other count.

Count One charges the defendant with participating in a conspiracy to (1) export stolen motor vehicles; (2) transport stolen motor vehicles in interstate or foreign commerce; and (3) receive, possess, conceal, store, barter, sell, or dispose of stolen motor vehicles which had crossed a state line or United States boundary after being stolen.

Count Two charges the defendant with exporting stolen motor vehicles.

Count Three charges the defendant with transporting stolen motor vehicles in interstate or foreign commerce.

Count Four charges the defendant with receiving, possessing, concealing, storing, bartering, selling, or disposing of stolen motor vehicles which had crossed a state line or United States boundary after being stolen.

Finally, Count Five charges the defendant with submitting false or misleading export information.

13

I will explain each count in turn.  I remind you that you must consider each count separately and return a separate verdict on each count.

Count One: Conspiracy to Export, Transport, or Possess Stolen Motor Vehicles

Count One charges the defendant with participating in a conspiracy to export, transport, or possess stolen motor vehicles.

A conspiracy is a kind of criminal partnership — an agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy, or agreement, to violate a federal law, as charged in this Indictment, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws — what the law refers to as "substantive crimes."  Indeed, you may find the defendant guilty of the crime of conspiracy to export, transport, or possess stolen motor vehicles (in other words, agreeing to export, transport, or possess stolen motor vehicles) even if you find that the substantive crime that was the object of the conspiracy (the export, transport, or possession of stolen cars) was never actually committed — in other words, even if the conspiracy was not successful.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

Count One: Elements

In order to sustain its burden of proof with respect to Count One, the Government must prove beyond a reasonable doubt the following three elements:

*First*, that two or more persons entered into the unlawful agreement charged in the Indictment;

14

*Second*, that the defendant knowingly and willfully became a member of that conspiracy or agreement; and

*Third*, that one of the members of the conspiracy — it does not have to be the defendant — knowingly committed at least one overt act for the purpose of furthering some object of the conspiracy.

Now let me elaborate on each of these three elements.

Count One — First Element: Existence of the Conspiracy

Starting with the first element, what is a conspiracy?  As I mentioned just a few minutes ago, a conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint action a criminal or unlawful purpose.

Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a conspiracy can be proved by direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.

In determining whether there was an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The old saying, "actions speak louder than words," applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators.  When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as more direct

15

proof, such as evidence of an express agreement.  It is sufficient to establish the existence of a conspiracy if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way, to accomplish the objectives of the conspiracy.

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. There are three objects or goals of the conspiracy charged in Count One, which correspond to the substantive (or non-conspiracy) offenses charged in Counts Two, Three, and Four.  The first object was to export stolen motor vehicles.  The second object was to transport stolen motor vehicles in interstate or foreign commerce.  And the third object was to receive, possess, conceal, sell, barter, or dispose of motor vehicles that had crossed a state line or United States boundary after being stolen.  I will explain the elements of those substantive offenses to you when I instruct you with respect to Counts Two, Three, and Four.

To find that a conspiracy existed, you need not conclude that the conspirators agreed to accomplish all three of the objectives alleged in the Indictment.  It is sufficient if the Government proves that there was a conspiracy with any one of the objectives.  But in order to find that the conspiracy existed, you must agree unanimously on which objective the Government has proved beyond a reasonable doubt.

The Indictment charges that the conspiracy existed from in or about May 2018 through in or about December 2018.  It is not essential that the Government prove the specific dates on which the conspiracy started and ended.  It is enough if you find that in fact a conspiracy was formed and existed for some time within the period set forth in the Indictment and that at least one overt act was committed to further the conspiracy within that period.

<u>Count One — Second Element: Membership in the Conspiracy</u>

If you conclude that the Government has proved beyond a reasonable doubt that the conspiracy charged in the Indictment existed, then you must turn to the second question: whether the defendant willfully participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant knowingly and willfully entered into the conspiracy with a criminal intent — that is, with a purpose to do what the law forbids — and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

In this regard, remember that the crime with which the defendant is charged is conspiracy to export, transport, or possess stolen motor vehicles. You are therefore instructed that the defendant may only be convicted if you find beyond a reasonable doubt that he agreed to join at least one co-conspirator in a conspiracy to export, transport, or possess stolen motor vehicles. It is not sufficient to convict the defendant if you find that he believed that the conspiracy involved a goal other than the exportation, transportation, or possession of stolen motor vehicles.

What do the terms "knowingly," "willfully," and "unlawful" mean? "Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. "Willfully" means to act knowingly and purposely, with an intent to do something the law forbids — that is to say, with a bad purpose either to disobey or disregard the law, although the Government need not prove that the defendant knew that he was breaking any particular law or rule. "Unlawful" simply means contrary to law. Again, the defendant need not have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. But you have before you the evidence of certain acts, conversations, and

statements alleged to involve the defendant and others. The ultimate facts of knowledge and criminal intent may be established by words and conduct, and all the surrounding circumstances, as well as the rational or logical inferences that may be drawn from the words and conduct. It is for you to determine whether the Government has established beyond a reasonable doubt such knowledge and intent on the part of the defendant.

It is not necessary for the Government to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part. To have guilty knowledge, a defendant need not know the full extent of the conspiracy, or all of the activities of all of its participants. It is not necessary for a defendant to know every other member of the conspiracy. In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator. Nor is it necessary for a defendant to receive any monetary benefit from his participation in the conspiracy, or have a financial stake in the outcome. It is enough if he participated in the conspiracy knowingly, willfully, and with an unlawful objective, as I have defined those terms.

The duration and extent of a defendant's participation have no bearing on the issue of the defendant's guilt. He need not have joined the conspiracy at the outset. He may have joined it at any time in its progress, and he will still be held responsible for full membership in the conspiracy. Each member of a conspiracy may perform separate and distinct acts. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

I want to caution you, however, that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge or acquiescence, without agreement and participation, is not sufficient. What is necessary

18

is that the defendant have participated in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, to find the defendant guilty of Count One, the Government must prove beyond a reasonable doubt that, with an understanding of the unlawful nature of the conspiracy, he willfully engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking — in this case, the exportation, transportation, or possession of stolen motor vehicles. The defendant thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

Count One — Third Element: Commission of Overt Act

If you find that the Government has proved the first two elements of Count One beyond a reasonable doubt — the existence of the conspiracy and the defendant's membership in that conspiracy — then you must determine whether an overt act was committed in furtherance of the conspiracy by at least one of the co-conspirators, although not necessarily the defendant himself.

An overt act is any act that is done to further an object of the conspiracy. An overt act may be a criminal act or the crime that is the object of the conspiracy, but it need not be. It may even be a seemingly innocent act so long as it is a step in carrying out the conspiratorial scheme.

In simple language, the overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage. The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators to further the conspiracy.

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove the overt act alleged in the Indictment. That is, you might find that overt acts were committed that were not alleged at all in the Indictment. It is sufficient for the Government to

show that the defendant, or one of his alleged co-conspirators, knowingly committed any overt act in furtherance of the conspiracy during the life of the conspiracy.

You need not reach unanimous agreement on whether any particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed.


Count Two: Exportation of a Stolen Motor Vehicle

Count Two charges the defendant with the substantive (that is, non-conspiracy) crime of exporting or attempting to export stolen motor vehicles.  In order to meet its burden of proof on Count Two of the Indictment, the Government must prove beyond a reasonable doubt the following three elements:

*First*, that the vehicle at issue was stolen;

*Second*, that the defendant exported or attempted to export the vehicle at issue; and

*Third*, that at the time of the exportation or attempted exportation, the defendant knew the vehicle at issue was stolen.


Count Two — First Element: Stolen Motor Vehicle

The first element the Government must prove beyond a reasonable doubt with respect to Count Two is that the vehicle or vehicles referred to in the Indictment were "stolen."

A "vehicle" includes an automobile.

The word "stolen" means any form of taking that deprives the owners of the use of the vehicle without the owner's consent.  The vehicle does not have to be taken by force or physical violence.  It does not have to be taken permanently.

20

It is not necessary that you know, or are able to determine, who it may have been who stole the vehicle.  While you must decide, beyond a reasonable doubt, that the particular vehicle was stolen, you do not have to determine who stole it or that the defendant knew who stole it.

Count Two — Second Element: Export or Attempted Export

The second element that the Government must prove beyond a reasonable doubt with respect to Count Two is that the vehicle at issue was exported or that export was attempted.  To "export" means to send or carry from the United States to another country.

If you find that a person shipped or caused to be shipped a vehicle from the United States to another country, or attempted to ship or cause to be shipped a vehicle from the United States to another country, then you may find that the vehicle was exported, or that export was attempted.

The defendant need not have intended or known of the vehicle's export or attempted export to another country.  You do not have to decide whether the defendant actually physically shipped or attempted to ship the vehicle to another country.  The Government satisfies its burden of proving exportation or attempted exportation if it proves beyond a reasonable doubt that the defendant caused the vehicle's export from the United States to another country, or performed a substantial step in furtherance of its export to another country.

Count Two — Third Element: Knowledge that the Vehicle Was Stolen at the Time of Export or Attempted Export

The final element that the Government must prove beyond a reasonable doubt with respect to Count Two is that the defendant knew the vehicle at issue was stolen at the time it was exported or attempted to be exported from the United States to another country.  In deciding whether the defendant

21

knew the vehicle was stolen at the time it was exported or attempted to be exported, you must focus on his actual knowledge at that time.

Your decision whether the defendant acted knowingly at the time the stolen vehicle was exported involves a decision about the defendant's state of mind at the time the exportation was carried out or attempted. It is obviously impossible to ascertain or prove directly what the operation of the defendant's mind was. You cannot look into a person's mind to see what his state of mind is or was. But a wise and intelligent consideration of all the facts and circumstances shown by the evidence will enable you to infer with a reasonable degree of accuracy the extent of the defendant's knowledge.

In our everyday affairs, we are continuously called upon to decide from the actions of others what their state of mind is. Experience has taught us that, frequently, actions speak louder, more clearly, than words. Therefore, you may well rely in part on circumstantial evidence in determining the extent of the defendant's knowledge.

Count Two — Inference of Knowledge Raised by Possession

Your decision whether the defendant knew that a vehicle at issue was stolen at the time of its actual or attempted exportation may be based, at least in part, on circumstantial evidence. You may rely on your own experiences and examine the situation and the actions of the people involved to help you determine the defendant's state of mind.

You have heard testimony and received evidence that the defendant was in possession of a recently stolen vehicle. You may — but need not — find from the defendant's possession of a recently stolen vehicle that he knew it was stolen at the time its exportation was carried out or attempted.

In determining whether a vehicle was "recently" stolen, you should give the word "recently" its ordinary, everyday meaning. The fact that the vehicle was recently stolen is a factor for you to

consider in examining the circumstances surrounding the defendant's possession of the vehicle, and deciding what conclusions, if any, you wish to draw from that possession.

Possession may be satisfactorily explained through other circumstances or other evidence independent of any testimony by the defendant. You may, of course, consider any explanation the defendant has offered to explain his possession of the vehicle. It is for you to determine the reasonableness of the defendant's explanation. Keep in mind, however, that the defendant is not required to offer any explanation at all. While the absence of a satisfactory explanation for the possession of a recently stolen vehicle allows — but does not require — you to find that the defendant knew the vehicle was stolen, you cannot find the defendant guilty unless the Government proves beyond a reasonable doubt that the defendant knew the vehicle was stolen at the time of its actual or attempted exportation.

<u>Count Two — Attempt</u>

As I mentioned already, the Government can carry its burden of proof with respect to Count Two by showing either that the defendant exported stolen motor vehicles *or* that the defendant *attempted* to export stolen motor vehicles. To prove the charge of attempting to export stolen motor vehicles, the Government must prove the following two elements beyond a reasonable doubt:

*First*, that the defendant intended to commit the crime of exporting stolen motor vehicles; and

*Second*, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged and that he took some action which was a substantial step toward the commission of that crime.

23

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation, on the one hand, and the actual doing of the criminal deed, on the other.  Mere preparation, which may consist of planning the offense, or of devising, obtaining, or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt.  The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

<u>Count Three: Transportation of a Stolen Motor Vehicle</u>

Count Three charges the defendant with transporting stolen motor vehicles in interstate or foreign commerce.  In order to meet its burden of proof on Count Three of the Indictment, the Government must prove beyond a reasonable doubt the following three elements:

*First*, that the vehicle at issue was stolen;

*Second*, that the defendant transported the vehicle at issue in interstate or foreign commerce, or caused it to be transported; and

*Third*, that at the time of the interstate or foreign transportation, the defendant knew the vehicle at issue was stolen.

<u>Count Three — First Element: Stolen Motor Vehicle</u>

The first element the Government must prove beyond a reasonable doubt is that the vehicle or vehicles referred to in the Indictment were "stolen."  I have already explained what a "vehicle" is and what it means for a vehicle to be "stolen."  These definitions apply here as well.

<u>Count Three — Second Element: Transportation in Interstate or Foreign Commerce</u>

The second element that the Government must prove beyond a reasonable doubt with respect to Count Three is that the vehicle at issue was transported in interstate or foreign commerce.  That is, you must determine whether the vehicle crossed between one state and another or between the United States and a foreign country.

If you find that a person shipped or caused to be shipped a vehicle across state lines or from the United States to another country, then you may find that the vehicle was transported in interstate or foreign commerce.  Further, if you find that a vehicle was stolen in one state and was found in the defendant's possession in another state, then you may — but need not — find that the vehicle traveled in interstate commerce.

The defendant need not have intended or known of the vehicle's transportation in interstate or foreign commerce.  You do not have to decide whether the defendant actually physically drove the vehicle to across state lines or into another country.  The Government satisfies its burden of proving transportation if it proves beyond a reasonable doubt that the defendant caused the vehicle's transportation from one state to another or from the United States to another country, or performed a substantial step in furtherance of its interstate or foreign journey.

<u>Count Three — Third Element: Knowledge that the Vehicle Was Stolen at the Time of Transport</u>

The final element that the Government must prove beyond a reasonable doubt with respect to Count Three is that the defendant knew the vehicle at issue was stolen at the time it was transported from one state to another or from the United States to another country.  In deciding whether the defendant knew the vehicle was stolen at the time it was so transported, you must focus on his actual

knowledge at that time.  My earlier instructions about knowledge, including the inference of

knowledge that may be drawn from possession, are applicable here.


Count Four: Possession of a Stolen Motor Vehicle

Count Four charges the defendant with the possession of stolen motor vehicles.  In order to

meet its burden of proof on Count Four of the Indictment, the Government must prove beyond a

reasonable doubt the following four elements:

*First*, that the vehicle at issue was stolen;

*Second*, that the defendant received, possessed, concealed, stored, bartered, sold, or disposed of

the vehicle at issue;

*Third*, that the vehicle at issue crossed a state line or United States boundary; and

*Fourth*, that at the time defendant received, possessed, concealed, stored, bartered, sold, or

disposed of the vehicle, the defendant knew the vehicle at issue had been stolen.


Count Four — First Element: Stolen Motor Vehicle

The first element the Government must prove beyond a reasonable doubt with respect to Count

Four is that the vehicle or vehicles referred to in the Indictment were "stolen."  I have already

explained what a "vehicle" is and what it means for a vehicle to be "stolen."  These definitions apply

here as well.

<u>Count Four — Second Element: Receipt, Possession, Concealment, Storage, Barter, Sale, or Disposal</u>

The second element that the Government must prove beyond a reasonable doubt with respect to Count Four is that the defendant received, possessed, concealed, stored, bartered, sold, or disposed of the vehicle at issue.

In considering whether the defendant received, possessed, concealed, stored, bartered, sold, or disposed of the vehicle, you should give those words their common and ordinary meaning, and understand them as being used in their everyday sense. The Government does not have to show that the defendant gained any personal benefit, or that the vehicle was sold or disposed of for a profit. For example, a defendant may have "received" a vehicle simply by physically taking possession of the vehicle, or exerting control over it. A defendant may have "disposed" of the vehicle by abandoning it.

Whether the defendant received, possessed, stored, bartered, sold, or disposed of the vehicle is a question for you to determine from the surrounding facts and circumstances.

As I have just instructed you, you must determine whether the defendant received, possessed, concealed, stored, bartered, sold, *or* disposed of the vehicle. It is not necessary for the Government to prove that the defendant performed *all* of those actions with respect to the vehicle. The Government satisfies its burden with respect to this element if it proves beyond a reasonable doubt that the defendant engaged in *any* of these actions with respect to the vehicle.

However, I emphasize that you may not find the defendant guilty unless you agree, unanimously, that one particular action, or type of action, was taken. That is, you must all agree that the defendant received *or* possessed *or* concealed *or* stored *or* bartered *or* sold *or* disposed of the vehicle. It is not enough, for example, if some of you find only that the defendant concealed or stored the vehicle, and the rest of you find only that the defendant sold the vehicle. You must all believe that

the defendant performed at least one specific action, or type of action, with respect to the vehicle in order to find the defendant guilty.

Count Four — Third Element: Crossing a State Line or United States Boundary

The third element the Government must prove beyond a reasonable doubt with respect to Count Four is that the vehicle at issue crossed a state line or United States boundary after being stolen. A United States boundary is a boundary between the United States and another country.

The defendant need not have intended or known of the vehicle's movement across a state line or United States boundary. Nor is it necessary that the defendant actually, physically drove the vehicle across a state line or United States boundary. The Government satisfies its burden of proving movement in interstate or foreign commerce if it proves beyond a reasonable doubt that the vehicle crossed a state line or United States boundary.

Count Four — Fourth Element: Knowledge that the Vehicle Was Stolen

The final element that the Government must prove beyond a reasonable doubt with respect to Count Four is that the defendant knew the vehicle at issue was stolen at the time the defendant received, possessed, concealed, stored, bartered, sold, or disposed of it. In deciding whether the defendant knew the vehicle was stolen then, you must focus on his actual knowledge at that time. Again, my earlier instructions about knowledge, including the inference of knowledge that may be drawn from possession, are applicable here.

Count Five: Willfully Causing the Submission of False or Misleading Export Information

Count Five of the Indictment charges the defendant with willfully causing another person to submit false or misleading export information through the Automated Export System (or "AES" for

short).  To sustain its burden of proof with respect to Count Five, the Government must prove beyond a reasonable doubt the following three elements:

*First*, that the defendant willfully caused someone to submit false or misleading information through the AES;

*Second*, that the false or misleading information was material; and

*Third*, that the defendant knew the information was false or misleading at the time of its submission.

Count Five — First Element: Willfully Causing the Submission of False or Misleading Information Through the AES

To satisfy the first element of Count Five, the Government must prove beyond a reasonable doubt that the defendant willfully caused someone to submit false or misleading information through the AES.  The Automated Export System provides an electronic method for filing the Electronic Export Information required by law for export control purposes.  You have seen copies of the Electronic Export Information that was filed through the Automated Export System.  Information is false if it is untrue.  Information is misleading if it misrepresents the facts or if it intentionally conceals a material fact and thereby creates a false impression by such information.

With respect to Count Five, it is not necessary for the Government to show that the defendant himself physically submitted the information at issue or that he supervised or participated in its submission.  This is because a person who willfully causes a crime to be committed is just as guilty of that offense as if he committed it himself.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

Did the defendant know that the information submitted through the Automated Export System was materially false or misleading?

Did the defendant intentionally cause another person to submit that information?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," and that the Government has proved the other elements of the offense — which I'm about to discuss — beyond a reasonable doubt, then the defendant is guilty of the crime charged just as if he himself had actually committed it.

Count Five — Second Element: Materiality

The second element that the Government must prove beyond a reasonable doubt with respect to Count Five is that the false or misleading information was material.

Information is material if it is capable of influencing an agency's decisions or activities. However, it is not necessary for the Government to prove that an agency actually relied on the statement.

Count Five — Third Element: Knowledge

The final element that the Government must prove beyond a reasonable doubt with respect to Count Five is that the defendant knowingly and willfully caused the submission of false and misleading information — that is, that the defendant knew the information was false or misleading at the time of submission.

As discussed, an act is done "knowingly" when it is done purposefully and voluntarily, as opposed to mistakenly. An act is done "willfully" if it is done with an intention to do something the law forbids, that is, with a purpose to disobey the law.

Aiding and Abetting

The defendant also is charged with aiding and abetting the commission of the substantive crimes charged in Counts Two through Five.  The defendant therefore can be convicted of those crimes *either* if he committed the crime himself *or* if another person committed the crime and the defendant aided and abetted that person to commit the crime.

In other words, it is not necessary for the Government to show that the defendant himself physically committed the crime charged in Counts Two through Five or supervised or participated in the actual criminal conduct in order for you to find him guilty.  This is because a person who aids, abets, counsels, commands, induces, or procures the commission of a crime is just as guilty of that offense as if he committed it himself.

Accordingly, you may find the defendant guilty of the offenses charged in Counts Two through Five if you find beyond a reasonable doubt that the Government has proved that another person actually committed the offense with which the defendant is charged, and that the defendant aided, abetted, counseled, commanded, induced, or procured that person to commit the crime.

To aid or abet another to commit a crime, it is necessary that the Government prove beyond a reasonable doubt that a defendant willfully and knowingly associated himself in some way with the crime committed by the other person and willfully and knowingly sought by some act to help the crime succeed.  In other words, an aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

Let me caution you that the mere presence of the defendant where a crime is being committed, even when coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime, is not sufficient to make the defendant guilty under this approach of aiding and abetting.  Such a defendant would be guilty under this approach of

aiding and abetting only if, in addition to knowing of the criminal activity, he actually took actions intended to help it succeed.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

1.     Did he participate in the crime charged as something he wished to bring about?

2.     Did he knowingly associate himself with the criminal venture?

3.     Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.  If, on the other hand, your answer to any of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty under that theory.


Conscious Avoidance

All of the charges that I have described require the Government to prove, among other things, that the defendant acted knowingly, as I have already defined that term.

In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him.  If you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning the truth, then you may find that he acted knowingly.  Guilty knowledge may not be established, however, by demonstrating that the defendant was merely negligent, foolish, or mistaken.

Keep in mind that, in considering the conspiracy charged in Count One, you cannot rely on conscious avoidance to support a finding that the defendant intentionally joined the conspiracy. Conscious avoidance may apply only to the defendant's knowledge of specific facts, including the specific objectives of the conspiracy, not to whether the defendant joined the conspiracy in the first

place.  It is logically impossible for the defendant to intend and agree to join a conspiracy if he does not actually know that it exists.

   If you find that the defendant was aware of a high probability of a fact and that the defendant acted with deliberate disregard of that fact, you may find that the defendant acted knowingly. However, if you find that the defendant actually believed that the fact was not so, you may not find that he acted knowingly.

   It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.


Venue

   In addition to all of the elements that I have described for you, in order to convict the defendant of each count in the Indictment, you must also decide whether any act in furtherance of the count occurred within the Southern District of New York.  I instruct you that the Southern District of New York includes Manhattan and the Bronx.

   The Government need not prove that the entirety of the charged crime was committed in the Southern District of New York or that the defendant was present here.  It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred within the Southern District of New York, and it was reasonably foreseeable to the defendant that the act would take place in the Southern District of New York.  In the case of Count One, the conspiracy charge, the Government has satisfied its venue obligations if you conclude that either the unlawful agreement or an overt act took place in this District.  An overt act is an act performed to effect or bring about the object of a conspiracy.  An overt act need not be criminal in nature, but it must be done in furtherance of the object of the conspiracy.

I should note that on this issue — and this issue alone — the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations as to a count if you conclude that it is more likely than not that any act in furtherance of the crime charged in that count occurred in the Southern District of New York and that it was reasonably foreseeable to the defendant that the act would take place in the Southern District of New York.  By contrast, if you find that the Government failed to prove venue by a preponderance of the evidence with regard to any count, then you must acquit the defendant of that count.

Timing of the Offenses

With respect to the dates set forth in the Indictment, it is sufficient if you find that the charged conduct that you are considering occurred around the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date.  The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.

III. CONCLUDING INSTRUCTIONS

COVID-19 Protocols

In a few minutes, you are going to go into the jury room and begin your deliberations.  During your deliberations, please continue to adhere to the safety protocols that we have used throughout the trial, including social distancing and masking.  We have taken those precautions, on the advice of our medical experts, to ensure that everyone remains safe and healthy during trials.  In addition, people have different levels of anxiety and risk tolerance when it comes to COVID-19.  By adhering to the

protocols, you not only ensure that everyone remains safe and healthy, but also respect the fact that your fellow jurors may or may not have the same level of comfort with the current situation that you have.

Selection of the Foreperson

After you retire to begin your deliberations, your first task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with me when questions arise and when you have reached a verdict and who will be asked in open court to pass your completed Verdict Form to me.  Notes should be signed by the foreperson and should include the date and time they were sent.  They should also be as clear and precise as possible.  Any notes from the jury will become part of the record in this case.  So please be as clear and specific as you can be in any notes that you send.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Right to See Exhibits and Hear Testimony

All of the exhibits will be given to you near the start of deliberations.  Most of it will be provided to you on a laptop.  When you retire to deliberate, the Court staff with provide you with information on how to use the laptop to display evidence in the jury room.

If you prefer to view any evidence here in the courtroom or if you want any of the testimony read back to you, you may also request that.  Keep in mind that if you ask for testimony, however, the court reporter must search through her notes, the parties must agree on what portions of testimony may be called for, and if they disagree I must resolve those disagreements.  That can be a time-consuming process.  So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

Again, your requests for testimony — in fact, any communication with the Court — should be made to me in writing, signed by your foreperson with the date and time, and given to one of the Court Security Officers.

Juror Note-Taking

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in the case. If, during your deliberations, you have any doubt as to any of the testimony, you may — as I just told you — request that the official trial transcript that has been made of these proceedings be read back to you.

Bias or Sympathy as Juror

All of us, no matter how hard we try, tend to look at others and weigh what they have to say through the lens of our own experience and background. We each have a tendency to stereotype others and make assumptions about them. Often, we see life and evaluate evidence through a clouded filter that tends to favor those like ourselves. You must do the best you can to put aside such stereotypes, for all litigants and witnesses are entitled to a level playing field.

Indeed, under your oath as jurors, you are not to be swayed by bias or sympathy. You are to be guided solely by the evidence in this case, and as you sift through the evidence, the crucial question that you must ask yourselves for each count is: Has the Government proved each element beyond a reasonable doubt?

36

It is for you and you alone to decide whether the Government has proved that the defendant is guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I have instructed you.

It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, then you must render a verdict of acquittal on that particular count.  On the other hand, if you should find that the Government has met its burden of proving the guilt of the defendant beyond a reasonable doubt with respect to a particular count, then you should not hesitate because of sympathy or any other reason to render a verdict of guilty on that count.

I also caution you that, under your oath as jurors, you cannot allow to enter into your deliberations any consideration of the punishment that may be imposed upon the defendant if he is convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court, and the issue of punishment may not affect your deliberations as to whether the Government has proved the defendant's guilt beyond a reasonable doubt.


Duty to Deliberate

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.  I know you will try the issues that have been presented to you according to the oath that you have taken as jurors.  In that oath you promised that you would well and truly try the issues joined in this case and a true verdict render.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  No one juror should hold the center stage in the jury room and no one juror should control or monopolize the deliberations.  If, after listening to

your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at any time during your deliberations.

Return of the Verdict

We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is attached to these instructions.  Do not write on your individual copies of the Verdict Form.  My staff will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the foreperson has been selected.

You should draw no inference from the questions on the Verdict Form as to what your verdict should be.  The questions are not to be taken as any indication that I have any opinion as to how they should be answered.

After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date and time, and you should all sign the Verdict Form.  The foreperson should then give a note — **<u>not</u>** the Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the Verdict Form and hand it to me in open court when I ask for it.

I will stress again that each of you must be in agreement with the verdict that is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

<u>Closing Comments</u>

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say it: You should treat each other with courtesy and respect during your deliberations.

All litigants stand equal in this room. All litigants stand equal before the bar of justice. All litigants stand equal before you. Your duty is to decide between these parties fairly and impartially, and to see that justice is done.

Under your oath as jurors, you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. You must make a fair and impartial decision so that you will arrive at the just verdict.

Members of the jury, I ask your patience for a few moments longer. It is necessary for me to spend a few moments with the lawyers and the court reporter at the side bar. I will ask you to remain patiently in the jury box, without speaking to each other, and we will return in just a moment to submit the case to you. Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                              :

UNITED STATES OF AMERICA,          :

                              :       S1 19 Cr. 752 (JMF)

           -v-                  :

                              :

CHRISTOPHER ANSAH,           :       <u>VERDICT FORM</u>

                              :

               Defendant.      :

                              :
------------------------------------------------------------------X

*All Answers Must Be Unanimous*

**<u>Count One</u> - Conspiracy to Export, Transport, or Possess Stolen Motor Vehicles:**

      Guilty _____         Not Guilty _____

**<u>Count Two</u> – Exportation of Stolen Vehicles:**

      Guilty _____         Not Guilty _____

**<u>Count Three</u> – Transportation of Stolen Vehicles:**

      Guilty _____         Not Guilty _____

**<u>Count Four</u> – Possession of Stolen Vehicles:**

      Guilty _____         Not Guilty _____

**<u>Count Five</u> – Submitting False or Misleading Export Information:**

      Guilty _____         Not Guilty _____

*Please Turn to the Next Page*

***After completing the Verdict Form, please sign your names in the spaces provided below, fill in the date and time, and inform the Court Security Officer that you have reached a verdict.***

_____       _____
Foreperson

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

Date and Time:            _____

***Once you have signed the Verdict Form, please give a note — NOT the Verdict Form itself — to the Court Security Officer stating that you have reached a verdict.***

**COURT EXHIBIT 4**

**JURY NOTE**

We have reached a
Unanimous Verdict

Date: 8/10/21

Time: 2:14 pm

Foreperson's signature

**COURT EXHIBIT 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                      :
UNITED STATES OF AMERICA,                             :
                                                      :              S1 19 Cr. 752 (JMF)
                 -v-                                  :
                                                      :
CHRISTOPHER ANSAH,                                    :              VERDICT FORM
                                                      :
                               Defendant.             :
                                                      :
------------------------------------------------------------------X

*All Answers Must Be Unanimous*

**Count One** - Conspiracy to Export, Transport, or Possess Stolen Motor Vehicles:

    Guilty  ✗ _____        Not Guilty _____

**Count Two** – Exportation of Stolen Vehicles:

    Guilty  ✗ _____        Not Guilty _____

**Count Three** – Transportation of Stolen Vehicles:

    Guilty  ✗ _____        Not Guilty _____

**Count Four** – Possession of Stolen Vehicles:

    Guilty  ✗ _____        Not Guilty _____

**Count Five** – Submitting False or Misleading Export Information:

    Guilty  ✗ _____        Not Guilty _____

*Please Turn to the Next Page*

*After completing the Verdict Form, please sign your names in the spaces provided below, fill in the date and time, and inform the Court Security Officer that you have reached a verdict.*



Foreperson

Date and Time:   2:11 pm  Friday October 8th 2021

*Once you have signed the Verdict Form, please give a note — NOT the Verdict Form itself —
to the Court Security Officer stating that you have reached a verdict.*

2