

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 16, 2024

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

  Re: **United States v. Christopher Ansah**, 19 Cr. 752 (JMF)

Dear Judge Furman:

  The Government writes to move for an amendment of the final judgment in this case to reflect updated restitution information. At sentencing in this case in April 2022, the Court ordered the defendant to pay restitution, with amounts and names to be provided by the Government within the 90-day period provided for by the MVRA, 18 U.S.C. § 3664(d)(5). *See* Sentencing Tr. at 25. The Government did not obtain any restitution amounts to provide within the statutory time frame.

  This past spring, the Government was contacted by Victim-1, a testifying witness at the defendant's trial, who requested restitution in the amount of $879—$379 for the car seat she lost and $500 for her car insurance deductible. This belated information is to no fault of Victim-1.[1] Consistent with *Dolan v. United States*, 560 U.S. 605 (2010), and related Second Circuit cases, the Court retains jurisdiction to modify the restitution order to include restitution payments to Victim-1, notwithstanding the expiration of the statutory deadline. *See Manrique v. United States*, 581 U.S. 116, 123 (2017) ("deferred restitution cases involve two appealable judgments, not one"); *United States v. Zakhary*, 357 F.3d 186, 188, 191 (2d Cir. 2004); *United States v. Catoggio*, 326 F.3d 323, 327 (2d Cir. 2003).

  Accordingly, the Government moves to amend the judgment in this case to provide for restitution to Victim-1 in the amount of $879. The Government contacted the defendant's former

---

[1] Victim-1 was input in the VNS system and received notifications about the case. Based on the Government's conversations with Victim-1, it appears that Victim-1 was previously in contact with an agent on the case team about seeking restitution, and that, due a communication breakdown either between Victim-1 and the agent or the agent and the prosecution team, Victim-1's restitution request was not provided to the prosecution team until Victim-1 contacted one of the undersigned AUSAs directly this year.

counsel, Randall Unger, Esq., for the defendant's position. Counsel advised that he no longer represents the defendant in connection with this case.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

by: /s/
Ashley C. Nicolas
Matthew R. Shahabian
Assistant United States Attorneys
(212) 637-2467 / -1046

CC: Christopher Ansah (by mail)

USPO Robert Harris (by email)

Although the Supreme Court held in *Dolan v. United States*, 560 U.S. 605 (2010), that "a sentencing court . . . retains the power to order restitution" beyond the 90-day statutory period, *id.* at 608, it also noted that, "in the unlikely instances where that delay does cause the defendant prejudice . . . [,] the defendant remains free to ask the court to take that fact into account upon review," *id.* at 617; *see also United States v. Avenatti*, 81 F.4th 171, 205 (2d Cir. 2023) ("[A] delay of more than 90 days in awarding restitution, if error at all, is not one affecting a defendant's substantial rights and, thus, is properly deemed harmless to the defendant 'unless he can show actual prejudice from the omission.'" (quoting *United States v. Zakhary*, 357 F.3d 186, 191 (2d Cir. 2004))). Accordingly, to the extent that Defendant believes that the delay here was prejudicial, or that there are any other grounds that would justify denying the Government's request, **he shall file any opposition to this request no later than May 30, 2024**. To assist him in doing so, and because his retained lawyer no longer represents him in this matter, the Court reappoints the Federal Defenders of New York as counsel.

The Clerk of Court is directed to mail a copy of this Order to Defendant at the following address:

> Christopher Ansah
> 955 Evergreen Ave., Apt. 105
> Bronx, NY 10473

SO ORDERED.

May 23, 2024